Marston, J.:
Defendant in error brought an action of assumpsit to recover the agreed price for a quantity of dirt sold and delivered under ,an express contract, made by its street commissioner with plaintiff in error.
^Plaintiff in error in this court assumes, and upon this he bases his argument, that the city, for the purpose of paving one of its streets, lowered the grade thereof, and in doing so it became necessary to make excavations and remove a large quantity of tbe earth in the street, which, not being needed for city purposes, was sold to plaintiff in error and others. Upon the trial below, plaintiff in error offered to show that the owners of lots along side of the street never consented to, or had anything to do with removing the dirt or *429 selling the same; that the expense of paving said street was paid out of the highway funds of the city, and by special assessment on the property along the said street; which evidence was rejected. Certain plats were offered in evidence to show that this property had never been legally platted, and it was admitted that the proprietors had sold arid conveyed lots in said city by deeds duly acknowledged referring to said plats. It is insisted that the owner of the lands over which this street passes retains the fee and all rights not incompatible with the public enjoyment; and that while the city might use this dirt for city purposes, yet that it could not sell it; that one of the main and leading elements of a sale, viz.: title to the dirt in the city, was lacking, and therefore the city could not recover.
There are several difficulties with the defense set up. We cannot lose sight of the main features of this case and act upon the theory that the owners of the lots adjoining owned to the center of the street, subject only to the public easement; that the title to the soil removed was in them, and that the city had no authority to sell the same. If it appeared that the property taken was of special value, it might perhaps be fairly inferred that the owners of the adjoining lots did not consent to a sale, or relinquish their rights therein. But where, as in this case, the property does not appear to have had any special or peculiar value, and was taken, used, and disposed of by the city without objection, it is but fair to presume that the adjoining *proprietors took no interest whatever in the disposition that was being made of it, and made no claim either for the soil or its proceeds. In such a case, where the party has received what he bargained for, in an action to recover the price agreed upon, it is not sufficient for him to show, in order to defeat the action, that the owners of the adjoining lots did not consent to the removal and sale; he should go farther and show that they forbid the sale. And even if he had shown this to have been the fact, it is not at all clear that such would have constituted a valid defense in this action. The record shows the soil to have been taken indiscriminately from along the line of the street. Under such circumstances it would be very difficult for the several owners to *430 trace into the possession of plaintiff in error that portion of the soil taken from off the street in front of their lots, and maintain an action against him, either for the identical soil taken, or its value. It may be worthy of serious consideration, whether their remedy, if any, would not be against the commissioner who removed the soil, or the city; but on this point we express no opinion.
It may be a question admitting of some doubt, whether there is in fact any thing in the record tending to show that the dirt sold and delivered was a part of the soil excavated in grading the street for pavement. The fact that the person who made the contract with plaintiff in error was and had been for a number of years street commissioner, and as such had charge of the grading of this street, would not fully warrant the inference assumed by plaintiff in error. For aught that appears, the dirt in question may before then have been placed upon this street by the city. Certainly there is nothing to show that it ever formed a part of the original soil over which this street passed, or that the owners of property fronting upon said street had or claimed any interest whatever, at any time, therein. We cannot assume that any other person had an interest in the dirt sold, or that the city, by its commissioner, did not in fact have full authority to, sell and deliver the same to '^'plaintiff in error-. But we need not dispose of this case upon any such technical reason.
If in grading this street it became necessary to remove any soil, the city would have had an undoubted right to use the same in grading that or any other street in the city. In case it did not desire it for such purpose, and the owner of, the property from in front of which it was taken did not, then the city would have a clear right to remove it, and might, in so doing, sell or dispose of it in any way it considered proper.
The judgment must be affirmed, with costs.
The other justices concurred.