### W. A. Baxter et al. v. E. B. Howell.

#### No. 297.

1. Fraud—Charge of Court.—Where the issue was as to whether an assignment was fraudulent, it being charged that the debtor had conveyed his property for the purpose of hindering, delaying, and defrauding his creditors, and that one of the debts secured was fictitious, a charge that limits the jury in the consideration of the question of fraud to the question of whether or not any of the debts are fraudulent or fictitious, is error.

2. Chattel Mortgage—Acknowledgment—Proof of Execution—Evidence.— A beneficiary in a chattel mortgage is not competent to take the acknowledgment of the instrument. Under an agreement to treat the original mortgage as a certified copy duly filed, the instrument was not properly admitted in evidence when it was not acknowledged in the manner required by law, nor its execution proved as at common law.

APPEAL from County Court of Fannin. Tried below before Hon. Wm. A. Bramlette.

*Taylor & Galloway* and *E. C. McLean,* for appellants, under their second assignment of error, copied in the opinion, cited Reynolds v. Johnson, 16 S. W. Rep., 124; Sparks v. Dawson, 47 Texas, 139; Weaver v. Ashcroft, 50 Texas, 427. And under their third assignment of error: Betterton v. Echols, 20 S. W. Rep., 63; Rothchild v. Dougher, 20 S. W. Rep., 142; Sample v. Irwin, 45 Texas, 567; Brown v. Moore, 38 Texas, 646.

*Agnew & Duncan,* for appellee.—A certified copy of a chattel mortgage properly registered and filed among the papers before announcing ready for trial, is admissible in evidence, unless its execution is denied under oath. Gen. Laws 22nd Leg., p. 38, sec. 3.

LIGHTFOOT, CHIEF JUSTICE.—The following statement from appellants' brief is acquiesced in by appellee, and is here adopted:

W. B. Weaver, residing at Leonard, Fannin County, Texas, on May 4, 1891, executed an instrument of writing, purporting to convey to appellee, E. B. Howell, all of the stock of goods of said W. B. Weaver then in a storehouse in the town of Leonard; the said W. B. Weaver being indebted to appellants Cullers & Henry in the sum of $143.72. They entered suit at the Justice Court at Leonard and caused an attachment to issue, and levied the same on the stock of goods purported to have been conveyed to appellee by W. B. Weaver. They executed an indemnity bond to the constable, W. A. Baxter. W. B. Weaver being also indebted to Popper Bros., they caused an attachment to be levied on the same goods, and the goods having been sold, the said Popper Bros. received a portion of the money arising from said sale.

E. B. Howell brought this suit in the County Court of Fannin County, Texas, against the constable, W. A. Baxter, who made the levy; he interpleaded Cullers & Henry and the sureties on the indemnity bond; and Cullers & Henry interpleaded Popper Bros., and asked for judgment against them for the amount they received under the attachment, in case the plaintiff recovered against them.

The case was tried before a jury and resulted in the plaintiff, E. B. Howell, recovering a judgment against W. A. Baxter for the sum of $481.70, and said Baxter recovering from Cullers & Henry and the sureties on the indemnity bond the same amount, and Cullers & Henry recovering from Popper Bros. the sum of $92. A motion for a new trial was made and overruled. Appellants Cullers & Henry and W. A. Baxter gave notice of appeal in open court, perfected their appeal, and filed assignments of error.

The only assignments of error which we deem it necessary to notice are as follows:

1. Second assignment of error by appellants: "It was an error in the court to charge the jury, as it did in paragraph 4 of the general

charge given to the jury, in which the jury is informed that fraud is never presumed, but must be proven; as said charge was liable to mislead the jury, without a further instruction that the proof alluded to in the charge could be proven by circumstantial evidence, as all of the evidence was circumstantial."

The charge complained of by appellants is as follows: "I charge you, that fraud is never presumed, but must be proven. You may look to all of the facts and circumstances surrounding the transaction to determine whether or not any of the debts were fraudulent."

The charge requested by defendants in lieu of this charge was as follows: "The defendants having alleged that the instrument read to you in evidence from W. B. Weaver to plaintiff was fraudulent, and executed and delivered to defraud the creditors of W. B. Weaver, it devolves upon the defendants to prove said fraudulent intent. In this connection, the court charges you, that fraud is not to be presumed, but can be proved like any other fact, and can be proved by circumstances, and in arriving at a conclusion the jury should take into consideration all of the circumstances introduced in evidence. So if you believe from the evidence that said instrument was executed for the purpose and intent of defrauding the creditors of said W. B. Weaver, you will find for the defendants."

The defendants below had alleged in their pleading that the chattel mortgage executed by W. B. Weaver was made for the purpose of hindering, delaying, and defrauding his creditors. They had also alleged that the debt of J. A. Weaver was fictitious.

The charge of the court complained of in this assignment limits the jury in the consideration of the question of fraud to the question of whether or not any of the debts were fraudulent or fictitious. In this respect the charge was erroneous. The charge requested by the appellants was directly applicable to the case, and should have been given. Sparks v. Dawson, 47 Texas, 139; Weaver v. Ashcroft, 50 Texas, 427; Reynolds v. Johnson, 16 S. W. Rep., 124.

2. The third assignment of error is as follows: "It was error in the court to permit the written instrument purporting to be a chattel mortgage from W. B. Weaver to E. B. Howell, as trustee, to be read in evidence, over objection of defendants, as there was no proof that said instrument was the act and deed of said W. B. Weaver, as is shown by bill of exception number 1."

The instrument was acknowledged before E. L. Agnew, a notary public in and for Fannin County, Texas. The defendants objected to the admission of the same in evidence, on the ground that there was no proof of its execution by W. B. Weaver, as it was acknowledged in open court that the E. L. Agnew, before whom it was acknowledged, was one of the firm of Brazelton & Agnew, said firm being secured as beneficiaries under said instrument. The court overruled the objec-

tion and permitted said instrument to be read in evidence, to which defendants excepted, and tendered their bill of exceptions.

The instrument introduced in evidence shows that Brazelton & Agnew were secured as first creditors, to be paid the sum of $25. There seems to have been no other proof introduced to show that W. B. Weaver executed said instrument except the instrument itself and the acknowledgment. This was not sufficient. See Betterson v. Echols, 85 Texas, 212; Rothchild v. Dougher, 85 Texas, 332; Sample v. Irwin, 45 Texas, 567; Brown v. Moore, 38 Texas, 646.

The learned counsel of appellee, in support of the testimony sought to be introduced, referred to the Act of the Legislature of March 23, 1891, in regard to chattel mortgages, the second section of which is as follows:

"Sec. 2. Upon receipt of such instruments, the clerk shall indorse thereon the day and hour when the same was deposited in his office for record, and shall keep the same on file in his office for the inspection of all parties interested, until satisfaction thereof shall be entered as provided in section 5 of this act; provided, that if a copy be presented to the clerk for filing, instead of the original instrument, he shall carefully compare such copy with the original, and the same shall not be filed unless it is a true copy thereof; and a copy can be filed only when the original has been witnessed by two subscribing witnesses, or acknowledged or proven for record and certified, as required in case of other instruments for the purpose of being recorded.

"Sec. 3. A certified copy of any such instrument so filed as aforesaid, certified to under the hand and seal of the clerk of the County Court in whose office the same shall have been filed, shall be admitted in evidence in like manner as the original might be, unless the execution of the original had been denied under oath by the party sought to be charged thereby; provided, that the party desiring to use such instrument shall file the same in the papers of the cause before announcing ready for trial, and not afterwards; and such certified copy shall in all cases be received as evidence of filing and entry thereof in the chattel mortgage record according to the indorsement of the clerk thereon."

The bill of exception brought up in the record shows the following: "It was the original instrument, but it was agreed in open court that it should be offered and considered as a certified copy of the original, and filed in this cause before announcing ready for trial."

The learned counsel seem to have relied upon the instrument as a certified copy, taking the position that, being a certified copy, it proved itself. They lose sight of the fact that under section 3 of the Act of the Legislature above quoted, such certified copy "*shall be admitted in evidence in like manner as the original might be.*" Unless the original was in such shape that it could be introduced in evidence, certainly a cer-

tified copy would be in no better condition. The instrument not having been acknowledged in the manner required by law, and not having been proved as at common law, was not properly admitted in evidence.

It is unnecessary for us to consider the other assignments of error presented, as the two above considered show the only errors we find in the record.

For the errors above mentioned, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered April 4, 1894.