## City of San Antonio v. Thomas W. Mullaly et al.
### No. 709.

**1. Municipal Corporation—Grading Streets—Taking Gravel.**

Although the fee to a street may be in the adjoining lot owner, a city grading the street has the right to take from any portion of it the gravel or other material situated above the grade line, and use the same in improving or repairing that or any other of the streets, and without compensation to the owners of the property abutting on the portion of the street from whence the gravel or other material may be taken.

**2. Same—Damages to Adjoining Lot Caused by Grading.**

Damages to an abutting lot caused by the grading of an adjacent street by a city are recoverable in this State although no part of such lot be actually taken.

**3. Same—Pleading—Negligence.**

An allegation that the defendant city unlawfully and negligently caused the gravel to be excavated from said street, and that the excavations were made in such manner as to leave large and dangerous holes in said street several feet deep, which were frequently filled with stagnant water, to the injury of plaintiff's adjacent lot, sufficiently charges negligence on the part of plaintiff in so doing, without an allegation that such excavations were left there for longer than a reasonable length of time.

**4. Same—Measure of Damages for Injury to Lot.**

The measure of damages in the case of injuries to a lot by reason of the grading of an adjacent street, is the difference between the market value of the property immediately before and immediately after the acts causing the injury.

**5. Same—Speculative Damages.**

An allegation that by reason of the excavations made on plaintiff's property and in streets contiguous thereto plaintiff had never been able to find a purchaser therefor, is speculative in its nature, and the injury is too remote to constitute an element of damages.

**6. Same—Opinion of Witness.**

In an action against a city for damages to lots caused by the grading of a street, the opinion of a witness that there was no necessity for such grading is not admissible in evidence.

APPEAL from Bexar.  Tried below before Hon. S. G. NEWTON.

*R. B. Minor*, for appellant.—1.  The defendant, the city of San Antonio, in the course of grading its streets, has the right to take from any portion of a public street of said city gravel or other material situated above the grade line thereof, and to use such gravel in the improving or repairing of another street of said city, and without compensation to the owner of the property abutting on that portion of the street whence the gravel may be taken.  Charter of city of San Antonio, sec. 57; 2 Dillon Mun. Corps. (4th ed.) secs. 656a, 688, 689, and notes.

2.  A witness should not be permitted to give his opinion as to the necessity for grading the streets of a city, where his only qualification as an expert is that he is in the real estate business.

*C. A. Keller*, for appellees.—1.  The earth and gravel in the streets belong to the owners of the fee, and the city has no right to remove any part thereof unless it is necessary for the improvement of that street or a street forming the same system of improvement.  Elliott, Roads and Streets, 522, 523, 524; Robert v. Saddler, 104 N. Y., 229; Ladd v. French, 6 N. Y., 56; Smith v. City of Rome, 19 Ga., 89; S. C., 63 Am. Dec., 298; City of Aurora v. Fox, 78 Ind., 6.

2.  The owner of a city lot abutting on a street is entitled to recover damages from the city for injuries to his property caused by grading the street, though the street has never been graded before.  City of Ft. Worth v. Howard, 22 S. W. Rep., 1059; Cooper v. City of Dallas, 83 Texas, 239; Limburger v. Railway, 27 S. W. Rep., 198, 200; Lewis on Em. Dom., sec. 223; Brown v. City of Seattle, 31 Pac. Rep., 313, 315; O'Brien v. City of Philadelphia, 24 Atl. Rep., 1047; City of Bloomington v. Pollack (Ill.) 31 N. E. Rep., 146; Bishop on Contract Law, sec. 751, 997, 900.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellees against the appellant to recover damages for alleged injuries to certain blocks of land situated within the corporate limits of the city, by reason of alleged excavations upon the same and in streets contiguous thereto, and for the value of gravel alleged to have been carried away by appellant from said blocks and streets. The city of San Antonio answered by special exceptions, and by specific denials of the material allegations in the petition. The cause was tried before a jury, and resulted in a judgment of $2500 in plaintiffs' favor, from which this appeal is prosecuted.

The plaintiffs alleged in their petition that the defendant had unlawfully and negligently caused the gravel to be excavated from the streets around his land and from a portion of the lots in said blocks, and hauled the same away for the purpose of filling up and grading its streets in other parts of the city, and that by reason of the large amounts of gravel unlawfully and negligently taken and hauled from their property, they had been damaged in the sum of two thousand dollars. This allegation of damages was sought to be established by proving the value of the gravel taken from the lots and contiguous streets. The foregoing allegations were specially excepted to by the defendant upon the ground that they state no cause of action. The overruling of this exception is assigned as error.

Although the fee to a street may be in the adjoining lot owner, a city grading the street has the right to take from any portion of it the gravel or other material situated above the grade line, and use the same in improving or repairing that or any other of its streets, and without compensation to the owners of the property abutting on the portion of the street from whence the gravel or other material may be taken. 2 Dillon on Mun. Corp. (4 ed.), secs. 656a (note), 687 (note 2), 688, 689, and notes. And it has been held that if the city does not desire the soil for the purpose of filling in other streets, and the adjoining owner does not remove it, the city may sell and dispose of it in any way it may deem proper. 2 Dillon on Mun. Corp., sec. 689; Criswold v. Bay City, 35 Mich., 452. The petition does not show that the gravel was taken below the grade level of the street, nor that it was not done in the course of grading the street. In the absence of such allegations, it will not be inferred that the taking was wrongful. We are of the opinion, therefore, that the exception to the part of the petition alleging damages for removing gravel from the streets and using it in grading another should have been sustained, and that the error of the court in overruling it was prejudicial to the appellant.

The petition also states, "that defendant unlawfully and negligently caused the gravel to be excavated from said streets and from a portion of the lots in said blocks, and hauled the same away for the purpose of filling up and grading its streets in other parts of said city; that said excavations have been made in such manner as to leave large and dangerous holes in said streets and lots several feet deep, which were frequently filled with stagnant water, etc. That by reason of the excavations

so unlawfully and negligently made as aforesaid by defendant upon plaintiffs' property and the surrounding streets, and the dangerous and impassable condition in which streets have been left by said defendant, the market value of the plaintiffs' property has greatly depreciated, to the further sum of ten thousand dollars."

Defendant's fifth special exception is: "Defendant specially excepts to said petition in so far as plaintiffs therein seek to recover damages by reason of defendant's having made and left excavations and holes in certain of its streets, because said petition contains no allegations of negligence on the part of defendant in so doing, and because defendant has a legal right to excavate and leave excavations in its streets if not negligent in so doing." The appellant complains of the court's overruling this exception.

The contention of appellant, as set out in its proposition, is: "The defendant city is not liable in damages to plaintiffs for injury to their property, resulting from excavating or cutting down adjoining streets to proper grade line (of which the city is the exclusive judge) in the course of grading the streets of the city, in the absence of negligence on its part in the manner of making the excavations; nor in such case is it liable for leaving excavations and holes, though dangerous, in the streets for a reasonable time, in the absence of negligence on its part in so doing."

If it should be conceded that this proposition is correct, we hardly think the portion of the pleading complained of is obnoxious to it, for the pleading alleges that the acts complained of were unlawfully and negligently done by reason whereof the streets bounding plaintiffs' lots were left in a dangerous and impassable condition to the great damage of their property.

If such damage through negligence were the sole ground of appellees' right of recovery, we think negligence is sufficiently averred. But we cannot assent to the proposition that in this State damages to one's property caused by the grading by a city of its streets adjacent are not recoverable. Whatever may be the law in those States whose constitutions provide that private property shall not be taken for a public use without adequate compensation being first made to the owner, the law in Texas and in other States whose organic law, like ours, prescribes that "No person's property shall be taken, damaged or destroyed, or applied to a public use, without adequate compensation being made," is that if the property is "damaged," though there is no actual taking, compensation for such damages can be recovered. Cooper v. City of Dallas, 83 Texas, 239; City of Ft. Worth v. Howard, 22 S. W. Rep., 1059; Lewis on Em. Dom., sec. 223; O'Brien v. City Philadelphia (Pa. Sup.), 24 Atl. Rep., 1047; City of Bloomington v. Pollock (Ill. Sup.), 31 N. E. Rep., 146; Brown v. City of Seattle (Wash. Sup.), 31 Pac. Rep., 314.

In the cases from this State, cited above, it is held that an abutting owner is entitled to damages for change of street grade, although it had never before been established, made in improving the street and placing it on proper grade.

The measure of damages, as was held by the trial court, in such cases is the difference between the market value of the property immediately before and immediately after the acts causing the injury. If the damage results from the projection of work in the streets on its established grade, the injury is of course permanent. But if in the progress of grading the street, it is left unfinished, and in a dangerous condition, such condition, if it affects the value of abutting property, if permitted by the city to continue for a considerable length of time, may be considered by the jury in estimating the value of the property before and after the acts causing the injury.

It follows from the rule as to the measure of damages, that the court did not err in admitting evidence to prove the value of the property immediately before and immediately after the excavations were made. If the city contemplated completing the grading commenced by the excavations within a reasonable time, and, if when finished, their alleged dangerous condition would have been obviated, it was incumbent upon the city to prove it in diminution of damages.

We think that the allegation in the petition, "that by reason of the excavations made on plaintiffs' property and in streets contiguous thereto, plaintiffs have never been able to find a purchaser therefor," is speculative in its nature, and too remote to constitute an element of damages, and that the exception to the allegation should have been sustained. We do not think that the opinion of the witness, that there was no necessity for grading the streets adjoining plaintiffs' property, "except at the margins," was admissible in evidence. It was the province of the city to pass upon the necessity of grading the street, and its exercise of the authority cannot be called in question, except in an action where an abuse of such authority is alleged and made the basis of an action.

On account of the errors indicated, the judgment of the District Court is reversed and the cause remanded.

*Reversed and remanded.*

Delivered November 20, 1895.

JAMES, Chief Justice, did not sit in this case.