HOUSTON LAND & LOAN CO. v. TEXAS CO.

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1911. Rehearing Denied Nov. 22, 1911.)

1. DAMAGES (§ 174*)—INJURY TO LAND—EVIDENCE.

In an action for damages to land through the construction and maintenance by defendant of crude oil loading tanks, etc., on nearby land, plaintiff was not entitled to show that the presence of the tanks constituted an extra fire hazard, that many fire insurance companies would not insure industries or buildings so situated, and that those which do so charge an extra high rate, and make onerous requirements, there being no improvements on the land, since such damages are purely speculative.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 174.*]

2. DAMAGES (§ 108*)—INJURY TO LAND—MEASURE.

The measure of damages to vacant land through the construction of nearby oil tanks, etc., is the difference in value of the land immediately before and after their erection.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 273; Dec. Dig. § 108.*]

Error from District Court, Harris County; W. P. Hamblen, Judge.

Action by the Houston Land & Loan Company against the Texas Company. Judgment for defendant, and plaintiff brings error. Affirmed.

J. A. Read and Hogg, Gill & Jones, for plaintiff in error. Hutcheson & Hutcheson, for defendant in error.

FLY, J. This is a suit for damages instituted by plaintiff in error against defendant in error, who will be designated herein as plaintiff and defendant, alleged to have

accrued by reason of the construction, installation, maintenance, and operation of crude oil loading racks, tanks, and a station by defendant on land in proximity to certain property of plaintiff, which was thereby depreciated in value. A trial by jury resulted in a verdict and judgment in favor of defendant.

The evidence justified the jury in finding that plaintiff's property, which consisted of unimproved lots in the manufacturing district of the Pinehurst addition to the city of Houston, was not damaged by defendant. That the evidence sustains the verdict is not questioned by plaintiff.

[1] There are but two assignments of error, both of which complain of the action of the court in refusing to permit the introduction of certain evidence to the effect that crude petroleum in tanks or oil loading racks of the kind erected by defendant within 200 or 300 feet of an industry or house would be deemed by fire insurance companies to constitute an extra fire hazard, and that many fire insurance companies would not insure buildings so situated. The evidence was properly rejected. The question concerned a mere abstraction, which could not enter into consideration in arriving at the damages claimed by plaintiff. The evidence was in regard to a purely speculative matter which had no bearing on the case. The proposition may be thus stated: If plaintiff had any house on the land, and desired to insure it, would insurance companies require him to pay a higher rate of insurance by reason of the proximity of the oil tanks or racks? It is clear that damages for such increased rate of insurance were merely speculative because plaintiff might not build any houses, and, if it did, they might be of such character that the insurance rate would not be affected by the oil tanks, or plaintiff might not desire to insure if it had the houses, and, if it did desire to insure the houses, insurance companies might not raise the rate of insurance. The damages are too remote, visionary, and illusory to be considered. The witness would have testified that the presence of the oil tanks would constitute "an extra fire hazard and many fire insurance companies would not, and do not, insure industries or buildings so situated, and that those which do so do so only at an extra high rate, and on onerous requirements." What would be the "extra high rates," and what would be the "onerous requirements"? There was nothing whatever in the testimony that would form any basis for calculating any damages that might in the future arise from future high rates of insurance upon a house not in existence. The witnesses of plaintiff testified that the lots were depreciated in value by the oil tanks in the sum of $120 a lot, which

arose from the smell and danger of fire, but witnesses for defendant testified that there was no depreciation in the value of the lots, and the jury found there was no depreciation. It cannot be reasonably supposed that testimony to the effect that, if plaintiff ever built a house on the lots and wanted to insure it, the fire insurance rates would be higher and conditions onerous, would have affected the verdict.

[2] The measure of damages in this case is the difference in value of the land immediately before the erection of the oil tanks and the value of the land after their erection, and increase of rates of insurance on imaginary houses, in sums not named, and the imposition of onerous conditions not specified, would not form an element that could be considered in arriving at the damages.

The judgment is affirmed.