### CITY OF FT. WORTH v. SCOTT.

(Court of Civil Appeals of Texas. Texarkana. March 7, 1912.)

NUISANCE (§ 50*)—MEASURE OF DAMAGES.

The measure of damages for a permanent nuisance, arising from the construction of an embankment so as to interfere with one's passage to and from his property, was the difference, with interest thereon, in the market value of the property immediately before and immediately after the intervening of the nuisance, and not the depreciation in value at the time of trial.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 118–127; Dec. Dig. § 50;* Damages, Cent. Dig. §§ 198, 397.]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by John Scott against the City of Ft. Worth and another. From judgment for plaintiff against both defendants, the City of Ft. Worth appeals. Reversed and remanded, in so far as against the defendant appealing.

W. H. Slay and Capps, Cantey, Hauger & Short, all of Ft. Worth, for appellant. Harris, Harris & Young, of Ft. Worth, for appellee.

WILLSON, C. J. Appellee owned and used and occupied as his homestead certain lots, one of which abutted on a street in the city of Ft. Worth. The city and the Northern Texas Traction Company so constructed \an embankment constituting an approach to a bridge forming a part of the street as to interfere with ingress to and egress from appellee's property to the street. As the damages thereby suffered by him appellee recovered a judgment against the city for $300 and against the traction company for $60. The appeal is by the city alone.

Over appellant's objection thereto—on the ground that, if appellee was entitled to recover, the measure of his damages was the difference in the value of his property immediately before the approach to the bridge was constructed and its value immediately after said approach was completed—testimony offered by appellee was admitted to show the difference in the value, at the time of the trial, which occurred about a year after the embankment had been constructed, of the property with access thereto obstructed as it was by the embankment, and its value with access thereto not so obstructed; and the court then instructed the jury, if they found in appellee's favor, that the measure of his damages would· be such difference in value at the time of the trial. The action of the court in the particulars mentioned was authorized by the ruling made in Railway Co. v. Mohl, 37 S. W. 22. There, as here, the nuisance was a permanent one, and the Court of Civil Appeals held that the depreciation in value (caused thereby) of the property at the time of the trial, and not its depreciation at the time the right of action accrued, was the measure of damages. We have been referred to and have found no other case decided by the courts of this state in line with that one. Notwithstanding the ruling there made, we think it must be said to be settled in this state that the measure of damages in such cases is the difference (and interest thereon) in the market value of the property immediately before and its market value immediately after the intervening of the nuisance. Rosenthal v. Railway Co., 79 Tex. 328, 15 S. W. 268; City of Texarkana v. Talbot, 7 Tex. Civ. App. 202, 26 S. W. 453; City of San Antonio v. Mullaly, 11 Tex. Civ. App. 596, 33 S. W. 256; City of Dallas v. Leake, 34 S. W. 339; Railway Co. v. Evans, 47 S. W. 280; Railway Co. v. Brown, 38 Tex. Civ. App. 610, 86 S. W. 660; Railway Co. v. Ford, 54 Tex. Civ. App. 312, 117 S. W. 201. It follows that we think the action of the court as specified was erroneous.

Rulings made by the trial court in other particulars are complained of, but we think such rulings were not erroneous. The assignments presenting them are overruled.

No complaint is made of the judgment in so far as it is in favor of appellee against the traction company. That part of the judgment, therefore, will not be disturbed. But in so far as the judgment is in favor of appellee against appellant it will be reversed, and the cause will be remanded for a new trial as between them.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes