## CITY OF GREENVILLE v. ELLIOTT et al. (No. 2924.)

(Court of Civil Appeals of Texas. Texarkana. May 22, 1924. Rehearing Denied June 5, 1924.)

Nuisance ⚖=50(2)—Measure of damages for permanent injury to land stated.

Measure of damages for permanent and irremediable injury to land by city's construction and operation, on adjoining lot, of permanent incinerator plant, is value of property immediately before and immediately after construction of plant, not difference in value at time of trial with and without operation of plant.

Appeal from District Court, Hunt County; Newman Phillips, Judge.

Action by W. W. Elliott and another against the City of Greenville. Judgment for plaintiffs, and defendant appeals. Affirmed.

Harrell & Starnes, of Greenville, for appellant.

Clark & Sweeton, of Greenville, for appellees.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tex.)                    CITY OF GREENVILLE v. ELLIOTT                    1077
                              (263 S.W.)

LEVY, J. The appellees acquired in 1909, and now own, a block of land in Greenville, Tex., having a frontage on the street, from east to west, of 320 feet. There are two residences in the block, one on the northwest corner and one on the northeast corner. The appellees live in the house on the northeast corner, using the same as the family homestead. In 1920 the city of Greenville acquired the lot adjoining the appellees' property on the east, and constructed, and has continuously operated, an incinerator for destroying refuse, garbage, and cleanings from open closets, and for destroying the dead bodies of animals. The incinerator plant is a permanent structure, made of brick and cement, and is located about 126 feet from the appellees' residence, used as a home by them. The appellees brought suit against the city of Greenville for damages for permanent injury to their property, and for personal annoyance and discomfort, caused by the construction and operation of the incinerator.

The case was tried before a jury in December, 1922, resulting in the following verdict:

"We, the jury, find for the plaintiffs damages to property in the sum of $2,500, and further in favor of the plaintiffs the sum of $500 for annoyances and discomforts in their home."

The court charged the jury, as material, as follows:

"(2) If you find from the evidence that the construction and operation by the defendant of its incinerator plant caused damage to plaintiffs' property, as described in their petition, by decreasing its market value, you will find for the plaintiffs and assess the damages at such an amount as you may find to be the difference in the reasonable cash market value of their property immediately before and its reasonable market value immediately after the construction of said plant."

Also:

"(3) If you find that the operation by the defendant of its said plant causes unpleasant and disagreeable fumes, odors or smoke to emanate from said plant, or from such things and matters as are taken there for burning, or that the operation of said plant causes the accumulation of flies to invade the plaintiffs' premises; and that such conditions, if any, materially interfere with the plaintiffs in the enjoyment of the benefits of their home, then you will find for the plaintiffs and assess the damages, if any, at such sum as you may believe will reasonably and fairly compensate them for being so disturbed or interfered with in the occupancy of their home up to the present time."

The appellant excepted to the second paragraph of the charge above, and requested, and the court refused, the following charge:

"If you find from the evidence that the operation of the plant by the defendant has depreciated the market value of the plaintiffs' property, then the measure of their damages would be the difference in the cash market value of said property at this time (meaning date of trial) with and without said plant being operated where it is; and if you find that plaintiffs' property has been damaged, then you cannot find that the operation of the plant should be discontinued; or if you find that said plant should be discontinued you cannot find any damages for depreciation in the value of plaintiffs' property."

The appeal by the appellant is predicated upon the single proposition that the court erred in instructing the jury that the proper measure of damages was the difference in value of the property "immediately before and immediately after the construction of the plant." The contention is that the correct rule for the measure of damages is the difference in the value of the property "at this time [meaning date of trial] with and without the plant being operated where it is."

The incinerator being a permanent structure, and the nuisance complained of as necessarily arising therefrom being of a permanent character, and not subject to be abated, and the injury to the land being permanent and irremediable, the court did not err in the measure of the damages. Hunt v. Johnson (Tex. Civ. App.) 141 S. W. 1061; City of Fort Worth v. Scott (Tex. Civ. App.) 145 S. W. 736; Rosenthal v. Ry. Co., 79 Tex. 325, 15 S. W. 268. For the injury to the land had origin when the incinerator was built and put in operation. The case of Ry. Co. v. Barry, 98 Tex. 248, 83 S. W. 5, announces the rule, in support of the court's charge, where, as here, a permanent structure as a continuing and unabatable nuisance practically destroys or greatly diminishes the value of premises. The case cited of Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237, has not application to the facts of this appeal. There the question involved and considered was the deceased value of the land merely "for homestead purposes," and which lessened value, as held, was to be determined under the circumstances existing in respect thereto "at the time of the trial" of the case.

The judgment is affirmed.