## HIDALGO COUNTY WATER CONTROL AND IMPROVEMENT DIST. NO. I v. PETER et al.

### No. 1256—5642.

Commission of Appeals of Texas, Section B. April 15, 1931.

Neal A. Brown, of Edinburg, for plaintiff in error.

J. F. Carl and J. C. Looney, both of Edinburg, for defendants in error.

LEDDY, J.

Defendants in error recovered a judgment against plaintiff in error for damages on account of permanent injuries to land and destruction of crops, sustained by reason of the negligence of the plaintiff in error in backing water up in its irrigation canal adjacent to their premises and permitting it to remain stored therein for an unreasonable period, thus causing the land to become water-logged and injuring the growing crops.

Plaintiff in error insists it was entitled to

a judgment in its favor notwithstanding the findings of the jury that the injury to defendants in error's property was the result of its negligence. Its claim to exemption from liability for such damages is based upon the fact that, in carrying out its corporate purpose, it is a governmental agency engaged in the performance of a public duty.

The fact that plaintiff in error is a governmental agency, engaged in the performance of a public duty, does not render it immune from liability for damages sustained by a citizen to his land when it is shown that the injury to the land for which a recovery is sought was inflicted by the corporation while acting through its duly authorized officers and employees. Fort Worth Improvement District v. Fort Worth, 106 Tex. 148, 158 S. W. 164, 48 L. R. A. (N. S.) 994; Hidalgo Water Improvement District No. 2 v. Holderbaum (Tex. Com. App.) 11 S.W.(2d) 506.

As a basis for the determination of the amount of damages suffered by defendants in error, the court submitted, among others, the following special issues:

"What do you believe and find from the evidence was a fair market value per acre for the land thus injured, if any you have found so injured, before said injury occurred?

"What do you believe and find from the evidence to be the present fair market value per acre of the land of plaintiff J. R. Peter since said injury occurred, if you have found, in fact, that said land has been injured through the negligence of the defendant?"

Plaintiff in error filed timely objections to the submission of these issues, and requested the court to modify the same so as to confine the jury in determining the reasonable market value of defendants in error's land to a time "immediately before and at the time of such injury."

It may be conceded that these issues on the measure of damages were incorrect in the form submitted, in that the jury was authorized thereunder to consider the value of the land at any time prior to the injury and at any time subsequent thereto when it should have been instructed to confine its consideration as to market value to the time immediately preceding and immediately subsequent to the injury. Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; City of San Antonio v. Mullaly, 11 Tex. Civ. App. 596, 33 S. W. 256.

Under the facts shown by the record, we do not think the submission of these issues, although erroneous in the respect pointed out, could have operated injuriously to plaintiff in error.

Only one witness gave testimony as to the value of the land prior to the time of the injury. He testified: "In my judgment the land was worth on the market during the year 1927 about $250 to $275. That was the market value at that time." No evidence was offered showing the market value at any other time than that described by this witness.

The jury found in answer to the special issues that the market value of the land prior to the time it was injured was $200 per acre, a sum considerably less than the testimony showed was its value during the entire year 1927. The evidence also disclosed that water was backed up and stored in the plaintiff in error's canal running through this land beginning in the fall of 1926, and that it so remained a large part of the following year. The seepage on the land was not manifested until the early part of 1927, when the crop planted thereon was injured. From the evidence it was practically impossible to locate the exact time when the injury to this land occurred, as it developed gradually during the year 1927.

The only witness offered on the question of value testified that the land had a market value of the sum stated by him during the entire year 1927, and, since there was no evidence showing any different value, the latitude allowed the jury as to the time of fixing the market value could not have operated prejudicially to plaintiff in error. If there had been testimony showing a higher market value of the land some time prior to the injury than that given by the above witness, and the jury had based its finding thereon, plaintiff in error's rights would have been injuriously affected, but, as the market value of this land was given by the witness as being the same during the entire year of 1927, there was no basis in the evidence upon which the jury could have found a higher value. It actually found a value of $50 an acre less than the minimum sum which the witness testified was its market value throughout the year 1927.

We therefore conclude that, while the issues as submitted were in form erroneous, it affirmatively appears that the same could not reasonably have operated to bring about the rendition of an improper judgment in this case; hence it does not constitute reversible error.

Complaint is made of the order in which the court submitted special issues to the jury; the specific objection being "because the special issues submitted are not logically and chronologically arranged in that the court in Issue Five has the jury find on the amount of land injured before submitting the issue of contributory negligence raised by defendant's pleading and evidence, which irregular submission of the issues would tend to confuse the jury in answering same."

We are not aware of any statute or rule of law which requires a district court to observe any particular order or sequence in submitting special issues to the jury. To hold that the issues as submitted were not "logical-

ly and chronologically arranged" by the trial court would necessitate an announcement from us as to what would constitute such an arrangement. In the absence of a statute or rule prescribing a particular order in which such issues should be submitted, we cannot specify any particular arrangement without engaging in judicial legislating.

It is difficult to perceive how any injury could have resulted to plaintiff in error from the order in which the special issues were given to the jury, as it must be assumed the jury obeyed the instructions of the court and gave proper consideration in answering all of the questions submitted.

It is further contended that there was error in permitting a witness to testify in behalf of defendants in error, over objection, that, after this suit was filed in the latter part of May, 1928, plaintiff in error ceased to back up and store water in its canal adjacent to defendants in error's premises.

Plaintiff in error says that a tort-feasor may remove the cause and abate the continuance of an injury inflicted by him without such fact later being used against him, where it is sought to recover damages for the injury. In this connection it invokes the doctrine announced by the Supreme Court in Texas Trunk Ry. Co. v. Ayres, 83 Tex. 268, 18 S. W. 684, and kindred cases, wherein it is held that, upon consideration of public policy, evidence of repairs of defects in machinery after an injury has been inflicted will not be received as an admission of guilt or negligence.

The rule thus invoked can have no application to the facts of this case. It was not charged that plaintiff in error's irrigation canal was in any way defective. The negligence relied upon was plaintiff in error's act in storing water in the canal for an unnecessary and unreasonable length of time. Plaintiff in error's proof controverted the proposition that it had in fact stored water in such canal for an unreasonable length of time. The proof offered by it tended to show that it was necessary in the proper operation of its irrigation system for the water to remain in the canal adjacent to defendants in error's premises for the period of time it was in fact stored. Certainly defendants in error would be entitled to rebut this proof by showing that, since the filing of the suit, plaintiff in error had been able to successfully operate its irrigation system without the necessity of storing water in the canal as it had formerly done.

We think the remaining questions raised by plaintiff in error were properly decided by the Court of Civil Appeals [22 S.W.(2d) 324], and that they need not be discussed here.

We recommend the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirming the judgment of the district court is affirmed, as recommended by the Commission of Appeals.