## TOWN OF MERKEL v. PATTERSON et al.
### No. 1040.

Court of Civil Appeals of Texas. Eastland.

Jan. 6, 1933.

Rehearing Denied Feb. 10, 1933.

Wagstaff, Harwell, Wagstaff & Douthit, of Abilene, for appellant.

E. S. Cummings and Scarborough, Ely & King, all of Abilene, for appellees.

HICKMAN, Chief Justice.

The appellees are Jack Patterson and Rachel Patterson, minors, who sued by their guardian, Homer Patterson. The suit was for damages against appellant on account of its having established a septic tank as a part of its sewer system in the vicinity of lands belonging to appellees. The minors did not live upon the land, and the damages sought were not on account of any personal inconvenience or annoyance, but were for permanent injuries to the land by reason of the location and operation of the septic tank. The jury found that the operation of the tank was a nuisance, and assessed the damages at $2,111, and the appeal is from a judgment entered in accordance with the verdict.

The first question presented complains of the action of the trial court in sustaining an exception to appellant's plea in abatement and to that portion of its answer wherein the same facts as pleaded in the plea in abatement were set up in bar of appellees' right of recovery. The substance of the facts pleaded both in abatement and in bar was that the minors acquired whatever title they had to the lands described in their petition through an exchange with one E. E. Brittain. It was alleged that Brittain and the guardian of the minors desired to effect an exchange of lands in Jones county belonging to the minors for the land in controversy, and to that end the guardian filed an application in the county court of Jones county to sell the lands belonging to the minors situated in that county, and on the same day filed an application in said court alleging that he had on hand $6,675 in money, which he desired to invest in lands described in plaintiffs' petition, alleging that same could be purchased for $6,675; that thereafter the guardian reported to the court that he had sold the Jones county land belonging to the minors to E. E. Brittain, which report was later confirmed. On the same day that he reported the sale of the Jones county land to Brittain, he also filed a report that he had agreed to purchase the Taylor county lands involved in this suit for $6,675, and asked that the purchase be confirmed, and said purchase was confirmed on the same day that the sale to Brittain was consummated. Follow then the allegations that no money passed between Brittain and the guardian, but the entire transaction was merely an exchange of properties and was so intended; that said minors were not bound thereby; that, if the sale was not absolutely void, it was at least voidable, and the minors would have the right to rescind the whole transaction upon becoming of age; and that, if damages were recovered in this suit, then Brittain, after the lands were turned back to him, would have the right to recover his damages and the defendant would be required to pay double damages.

The authority relied upon by appellant in support of this contention is Crier v. Cowden (Tex. Civ. App.) 251 S. W. 822. That was a suit brought by minor children after they became of age to cancel a deed made by their guardian under orders of the probate court authorizing an exchange of their lands for other lands, and it was correctly held that all of the orders of the probate court entered in connection with the exchange were in excess of the jurisdiction of that court because the guardian was not authorized by any statute to exchange the lands of the wards. That decision is not authority for appellant's contention here. In that case the orders disclosed on their face their own invalidity. In the instant case, by appellant's

own allegations the orders did not disclose any invalidity, but were on their face regular and valid orders of the probate court. These orders did not disclose that the guardian was exchanging the lands, but affirmatively disclosed that he was selling same, and proof that these orders were a subterfuge could not be made in a collateral proceeding. The assignments presenting this question are overruled.

By what has been stated above we do not mean to intimate that, even if the orders had been like those in the case of Crier v. Cowden, appellant, who was a stranger to the proceeding in which the orders were entered, could have successfully pleaded them in abatement or in bar to appellees' cause of action in this case. We do not pass upon that question because it is not before us for determination.

Special issues Nos. 2 and 3, with the jury's answer thereto, were as follows:

"Special Issue No. 2: Has plaintiffs' land permanently depreciated in value on account of the operation of the sewer disposal plant? Answer yes or no. Answer Yes.

"If you answer Special Issue No. 2 'yes,' then you will answer Special Issue No. 3. Otherwise you will not answer Special Issue No. 3.

"Special Issue No. 3: How much has plaintiffs' land permanently depreciated in value on account of the operation of the sewer disposal plant? Answer $2,111.00."

This instruction was contained in the court's charge: "In considering the amount of damages, if any, sustained by the plaintiffs, you will exclude from your consideration the mere fact that the sewer disposal plant is established near the plaintiffs' land and will consider only the damages, if any, to plaintiffs' land necessarily caused by the operation of defendant's sewer disposal plant, and which defendant cannot avoid by using due diligence in the operation of said plant."

In its exceptions to the court's charge appellant urged the following: " * * * And further, for the reason that it does not limit the time of the plaintiffs' damages to any particular date or dates, giving no measure of damages whatever to guide a jury in finding the damages, if any, that plaintiff has sustained."

The action of the trial court in thus submitting the question of damages to the jury over the quoted objection of appellant is assigned as error. As noted above, the suit was one solely for permanent damages to the land. In passing upon a similar question in Cosden Oil Co. v. Sides (Tex. Civ. App.) 35 S.W.(2d) 815, 817, we observed: " * * * This was a case wherein it was peculiarly imperative that the court give the jury appropriate explanations to enable them to properly measure the damages." Many authorities are there cited in support of the holding, and will not be here repeated.

We have examined the statement of facts in an effort to determine just what elements of damages the jury might have considered in returning its answer to special issue No. 3, and this investigation has convinced us that it is impossible to determine what measure was employed. Appellees pleaded their measure of damages as follows: "That the reasonable cash market value of the property of plaintiffs immediately before the wrongs complained of was $100.00 per acre, but that it is not more than $30.00 per acre at this time; that the difference in the value of said property is the direct and proximate result of the negligence of the defendant. That plaintiffs have 140 acres and the reasonable cash market value of the land on account of the conduct of the defendant as herein alleged has been depreciated to the extent of $60.00 per acre, to the plaintiffs' total damage in the sum of $8400.00.".

■ It would appear from this pleading that the plaintiffs conceived the measure of damages to be the difference between the value of the land before the plant was constructed and its value at the time of the trial many years later, with the plant in operation. That rule does not allow for changes in market value during the years. There is some conflict of decision as to the proper measure of damages for permanent injury to land, but the law is well established in this state that the rule of measurement is the difference in the value of the land immediately before, and immediately after, the injury. Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; Denison, B. & N. O. Ry. Co. v. Barry, 98 Tex. 248, 83 S. W. 5; Ft. W. & N. O. Ry. Co. v. Wallace, 74 Tex. 581, 12 S. W. 227; Ft. W. & D. C. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365; City of San Antonio v. Mullaly, 11 Tex. Civ. App. 596, 33 S. W. 256; Houston Land & Loan Co. v. Texas Co. (Tex. Civ. App.) 140 S. W. 818; City of Ft. Worth v. Scott (Tex. Civ. App.) 145 S. W. 736; H. & T. C. Ry. Co. v. Wright (Tex. Civ. App.) 195 S. W. 605; City of Greenville v. Elliott (Tex. Civ. App.) 263 S. W. 1076; Cosden Oil Co. v. Sides (Tex. Civ. App.) 35 S.W.(2d) 815; Hidalgo County, Etc., Dist. v. Peter (Tex. Com. App.) 37 S.W.(2d) 133, 134.

■ The issue as submitted is subject to practically the same criticism as that pointed out in the case last above cited, wherein it is stated: "It may be conceded that these issues on the measure of damages were incorrect in the form submitted, in that the jury was authorized thereunder to consider the value of the land at any time prior to the injury and at any time subsequent thereto when it should have been instructed to

confine its consideration as to market value to the time immediately preceding and immediately subsequent to the injury."

The assignment presenting this question is sustained, which results in an order that the judgment of the trial court be reversed and the cause remanded.