THE TRINITY & SABINE RAILWAY COMPANY v. J. B. SCHOFIELD.

No. 2483.

1. **Overflowing Land—Damages to the Land and Crops.**— 1. If the crops are wrongfully destroyed the measure of damages would be the cash value of the crops at the time and place destroyed, with legal interest to the time of trial.

2. If the crops were damaged but not destroyed the measure would be the difference between the actual cash value of the crops as they stood upon the land at the time immediately before the injury and their cash value immediately after such injury, with interest.

3. With respect to land, if the land be taken or its value totally destroyed by the negligence or wrongful act of another, the owner is entitled to recover as damages the actual cash value of the land at the time of the taking or destruction of value, with interest.

4. In case of permanent injury the owner should recover the difference between the actual cash value at the time immediately preceding the injury and the actual cash value immediately after the injury, with interest.

5. If the injury is temporary only the owner should recover the amount necessary to repair the injury and put the land in the condition it was at the time immediately preceding the injury, with interest.

2. **Injury to Land by Overflow.**—Where the testimony is conflicting as to the extent of injury to overflowed lands it was not error to admit in evidence the cost of removing sand washed upon the land by the overflow complained of.

3. **Damages to Land.**—It is ground for reversal for the charge to allow the jury in estimating damages for injury to land to take the value of the overflowed land at any time before and the value at any time subsequent to the injury to ascertain the difference in value as damages. The jury should have been limited to the time immediately before and immediately after the injury in making valuations to ascertain the amount of injury.

4. **Same.**—Whether there was injury, and if so how much, are questions of fact for the jury.

5. **Charge.**—A charge meaningless may confuse the jury and injure parties. See an instance.

APPEAL from Tyler. Tried below before Hon. W. H. Ford.

The facts appear in the opinion.

*Sam T. Robb* and *J. P. Stevenson,* for appellant.— 1. When a crop has been wrongfully destroyed the proper measure of damages is the value of the crop at the time of its destruction. T. & P. Ry. Co. v. Bayliss, 62 Texas, 570; Sabine & East Texas Ry. Co. v. Joachimi, 58 Texas, 456; Texas & St. L. Ry. Co. v. Young, 60 Texas, 201.

2. The rule of damage as it respects real estate is the difference in the cash market value of the premises immediately before the injury and the like value immediately after the injury is complete, and not to take into consideration the cost of repairing the injury so as to replace the land in its former condition. Texas Trunk R. R. Co. v. Elam, W. & W. Con. Rep., vol. 1, sec. 445; Shearm. & Redf. on Neg., sec. 602; Chase v. N. Y. Cent. R. R. Co., 24 Barb., 273; Schuylkill Nav. Co. v. Farr, 4 Watts & Serg., 362; Ft. Worth & D. C. Ry. Co. v. Hogsett, 67 Texas, 686.

3. It is believed that a growing and ungathered crop is regarded as partaking of the realty, and that in an action for damage to a growing and unmatured crop and also damage to the land caused by the same overflow, when a portion of the land has been taken or a change wrought upon the same so as to render it worthless or permanently injure it, the true measure of damage is as laid down in first proposition, and that but one issue should be submitted to the jury and that is damage to the land, and that a growing crop should not be treated as personal property in cases of this character, but as a part of the realty. Hardeman v. The State, 16 Ct. App., 5; Schouler's Per. Prop., 123 *et seq.*; Freem. on Ex., sec. 113; G. C. & S. F. Ry. Co. v. Helsley, 62 Texas, 596; G. H. & S. A. Ry. Co. v. Seymour, 63 Texas, 345.

*Tom J. Russell*, for appellee. — 1. The cost of removing the sand from plaintiff's land, which sand had been deposited there by the overflow, is the correct rule for the measure of damages in such a case. Ry. Co. v. Joachimi, 58 Texas, 458. Actual compensation for the injury is the correct rule. 1 Sutherl. on Dam., 17, and note; Seely v. Alden, 61 Pa. St., 302; 3 Sutherl. on Dam., 367, 380, 394.

2. The difference between the market value of the land just before the injury and immediately thereafter is the proper measure of damages, whereas in this case the value of the land for farming purpose was entirely destroyed. Ry. Co. v. Hogsett, 67 Texas, 686; Easterbrook v. Erie Ry. Co., 51 Barb., 34. But the question must be determined whether the injury was entire and permanent or only partial and temporary, then the measure of damages can be determined. Seely v. Alden, 61 Pa. St., 302, contains the rule for arriving at the amount of damages.

3. If the cost of removing the sand from the land is greater than the market value of the land at the time when it is totally destroyed, then it is the measure of damages. Seely v. Alden, 61 Pa. St., 302; Sutherl. on Dam., 372, 373, 374. That would be just compensation for the loss of the land.

Acker, Presiding Judge.—Appellee brought this suit June 1, 1885, to recover of appellant damages for destruction of crops and injury to land occasioned by overflows in the years 1884 and 1885. It was alleged that the overflows were caused by the negligent and improper construction of a ditch cut by appellant to change the channel of a stream through appellee's farm. On the 22d of May, 1886, appellee filed an amended petition setting up additional causes of the overflows in other acts of alleged negligence upon the part of appellant in constructing its road bed and digging ditches to drain surface water, and alleged that his farm was overflowed in May, 1884, and at two different times in 1885, destroying the crops and washing away the soil from a portion of the

farm and depositing sand and gravel upon another portion of it, rendering the portions so washed and covered with sand totally worthless. The aggregate damages were laid at $2610.

Appellant answered by general demurrer, eight special exceptions, general denial, and pleaded specially that the roadbed and ditches were properly constructed, that the overflows were caused by extraordinary rainfalls and appellee's negligence in digging a ditch that drained the surface water into the steam that overflowed, without which the overflows would not have occurred.

The trial was by jury and resulted in verdict for $320 damages to land and $160 damages to crops, in accordance with which judgment was entered.

The trial court permitted appellee to prove over the objection of appellant the cost of removing the sand that had been deposited upon a portion of the farm by the overflows; and upon the question of the measure of damages to the land charged the jury that it "would be the difference between the fair market value of said land before and after said damage was caused;" and further, that "if the facts show that the cost of removing the sand therefrom would be more than the market value of the land before the same was washed upon it, then the measure of damages would be the actual cash market value of the land so covered with sand at the time it was so covered, and if the cost of moving away the sand and restoring the land to its condition before it was so covered with sand, then the measure of damages would be the cost of so removing the sand."

Under numerous assignments of error it is contended that the court erred in admitting evidence as to the cost of removing the sand and in its charge on the measure of damages. As the judgment must be reversed and the cause remanded we deem it proper to here announce the rules which we think should control in determining the measure of damages in cases of this character.

If the crops are shown to have been totally destroyed in consequence of the negligence or wrongful act of the defendant the correct measure of damages would be the actual cash value of the crops as they stood upon the land at the time and place they were destroyed, with legal interest to the time of the trial. If the crops are shown to have been damaged in consequence of the negligence or wrongful act of the defendant but not totally destroyed, then the correct measure of damages would be the difference between the actual cash value of the crops as they stood upon the land at the time immediately before the injury and their actual cash value immediately after such injury (to the extent that the plaintiff could not have prevented the injury by reasonable diligence), with legal interest to the time of the trial. Ry. Co. v. Joachimi, 58 Texas, 460; R. R. Co. v.

Young, 60 Texas, 201; Ry. Co. v. Bayliss, 62 Texas, 571; Ry. Co. v. Holliday, 65 Texas, 521.

With respect to damages to real property we believe the correct rules to be: If land is taken or the value thereof totally destroyed by the negligence or wrongful act of another the owner would be entitled to recover the actual cash value of the land at the time of the taking or destruction of its value, with legal interest thereon to the time of the trial.

If land is *permanently* injured by the negligence or wrongful act of another, but the value is not totally destroyed, the owner would be entitled to recover the difference between the actual cash value at the time immediately preceding the injury and the actual cash value immediately after the injury, with legal interest thereon to the time of the trial.

If land is *temporarily* but not *permanently* injured by the negligence or wrongful act of another the owner would be entitled to recover the amount necessary to repair the injury and put the land in the condition it was at the time immediately preceding the injury, with interest thereon to the time of the trial. The purpose of the law is to give to the injured party compensation, and if the real property taken or the value of which is destroyed or permanently injured is so connected with other land that the value of such other land is permanently impaired as the natural and proximate result of the injury, then the injured party would be entitled to recover to the extent of the injury to such other land, in addition to the value or depreciation in value of the land so destroyed or permanently injured. And if the injury is only temporary, but in consequence of it the owner is deprived of the use of the property or of a house, he would be entitled to recover the value of such use in addition to the amount necessary to repair the injury. Field on Dam., sec. 734; Suth. on Dam., vol. 3, p. 372; Ry. Co. v. Joachimi, 58 Texas, 456; Ry. Co. v. Helsley, 62 Texas, 596; Ry. Co. v. Seymour, 63 Texas, 346; Ry. Co. v. Ware, 67 Texas, 637.

Whether the injury amounts to total or only partial destruction of value, or whether it be permanent or temporary, as well as the extent of the injury and the consequent amount of damages, are all questions for the determination of the jury under proper instructions.

Appellee alleged that his crops were totally destroyed and his land rendered valueless by the overflow. As to the destruction of the crops there seems to be no conflict in the evidence, but as to the extent of injury to the realty the evidence is very conflicting, varying from no injury at all to total destruction in value of five acres by being denuded of the soil and of about three acres by having sand washed upon it.

If the jury believed from the evidence that the overflows were caused by the negligence or wrongful act of appellant, and further believed that the sand deposited upon the land was an injury to it, then it devolved upon them to determine the question whether or not the value of the

land upon which the sand was deposited was totally destroyed, and if not. whether the injury thereto was permanent or temporary. We think the evidence as to the cost of removing the sand was properly admitted to assist the jury in determining these questions.

Under the rules hereinbefore announced it is clear that the court erred in its charge upon the measure of damages. The portion of the charge first quoted authorized the jury to consider the value of the land at any time prior to the injury and at any time subsequent thereto, when they should have been instructed to confine their consideration of value to the time immediately preceding and immediately subsequent to the injury. The first part of the other portion of the charge quoted authorized the jury to make the cost of removing the sand the measure of damages if they believed from the evidence that such cost would be more than the market value of the land before the sand was deposited upon it, the amount of damages in that case not to exceed such market value, without regard to whether they believed from the evidence that the sand was an injury to the land or whether they believed that the value of the land was totally destroyed by the sand. The market value of the land at the time of the injury is the rule only in case of total destruction in value, and we have seen that whether there was injury, and if so the extent of such injury, are facts to be found by the jury. The latter part of this portion of the charge is unintelligible, and well calculated to confuse and mislead the jury.

The first, fourth, and fifteenth assignments of error are too general to entitle them to consideration.

The seventh, eighth, and eleventh assignments relate to alleged omissions in the charge. No special charges were requested to supply the alleged omissions, without which such complaints will not be considered.

For the errors indicated we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted January 22, 1889.