## H. F. BAUGH v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided December 12, 1906.

**1.—Railway Construction—Culverts—Unprecedented Rainfall.**

The fact that a rainfall was great and unusual would not excuse a railway company for failing to provide culverts and sluices in the construction of its roadbed sufficient for the drainage according to the natural lay of the land, which would protect adjoining proprietors from overflow caused by its structures, unless it was so unprecedented in the history of the country as not to be reasonably anticipated and guarded against.

**2.—Same.**

Evidence of great and unusual rainfall considered, and held insufficient to justify submission of the question whether it was so unprecedented as to excuse a failure to provide against it in railway construction.

**3.—Same—Overflow—Negligence.**

The negligence, or care and skill used in the construction of a railway, are immaterial; if it does not meet the statutory requirements the company is liable for the damages caused by failure to do so.

Error from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Pendleton, Ferguson & Durrett,* for plaintiff in error.—In order that rainfall should have been extraordinary or unprecedented it is necessary that no such rainfall should have occurred within the memory of man, and it was incumbent on the defendant to offer testimony in proof of that fact. Gulf, C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498; Sabine & E. T. Ry. Co. v. Hadnot, 67 Texas, 503.

The effect of the statute is to declare it negligence on the part of the railway company to fail in providing necessary culverts and sluices for the drainage of land as the natural lay may require, irrespective of whether it uses the care and caution of a prudent man or not in constructing its roadbed, and if the roadbed is in fact constructed and maintained with insufficient culverts and sluices to carry off the surface water as it flowed before the construction of the embankment, it is immaterial whether the defendant used the care and caution of a prudent man in its construction or not. St. Louis S. W. Ry. Co. v. Jenkins, 89 S. W. Rep., 1108; Gulf, C. & S. F. Ry. Co. v. Boyce, 87 S. W. Rep., 395; St. Louis S. W. Ry. Co. v. Baer, 86 S. W. Rep., 653; San Antonio & A. P. Ry. Co. v. Kiersey, 86 S. W. Rep., 744; Texas & Pac. Ry. Co. v. Whittaker, 82 S. W. Rep., 1051; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 427; Texas & Pac. Ry. Co. v. Overheiser, 76 Texas, 437; Sabine & E. T. Ry. Co. v. Wood, 69 Texas, 679; Gulf, C. & S. F. Ry. v. Pomeroy, 67 Texas, 498; St. Louis & S. F. Ry. Co. v. Craigo, 31 S. W. Rep., 210; San Antonio & A. P. Ry. Co. v. Gurley, 83 S. W. Rep., 842.

*J. W. Terry* and *A. H. Culwell,* for defendant in error.—It is the duty of the court to submit an issue raised by the evidence, although the evidence would not warrant a verdict thereon in favor of the party at whose instance it is submitted; and there was evidence in this record raising the issue of unprecedented rainfall or excessive rainfall. Waggoner v. Wyatt, 94 S. W. Rep., 1076; Texas & P. Ry. Co. v. Middleton, 94 S. W. Rep., 1097.

A clear statement as to the rule in this State as to the duty of the court to direct a verdict and when it will be authorized to do so, may be found in the opinion of Judge Reese in the case of Murphy v. Galveston, H. & N. Ry. Co., 16 Texas Ct. Rep., 606.

KEY, ASSOCIATE JUSTICE.—H. F. Baugh brought this suit against the railway company to recover damages alleged to have been caused by the failure to properly construct the defendant's roadbed. It was alleged in the plaintiff's petition that the defendant made an embankment on its right of way and failed to construct such necessary culverts and sluices through and under the same as the natural lay of the land required for the necessary drainage thereof, whereby the natural flow of surface

water was obstructed and diverted to and upon the plaintiff's land, causing certain specified injuries thereto.

The defendant answered by a general denial and a special plea, averring that the embankment was constructed with ordinary care and according to the plans of skillful engineers; and, further, that the rainfalls on the dates complained of were unusual and unprecedented, and such as could not have been contemplated at the time the embankment was constructed. There was a jury trial, resulting in a verdict and judgment for the defendant, and the plaintiff has brought the case to this court by writ of error.

We sustain some of the assignments addressed to the charge of the court. The charge submitted to the jury the question of unprecedented rainfall, and instructed them that if the flood in question was caused by such a rainfall, to find for the defendant. The testimony relied on as authorizing the submission of that issue was given by Jones and Tomlin. Jones said: "I have lived in that country eight or nine years. The rain of July 25, 1902, was the heaviest rain I ever saw fall. I was on the Tomlin place when the rain fell on July 25, 1902. It rained powerful hard for two or three hours. I know it was a hard rain by the way the creeks got up, and by the way it washed things. I had no marks there. I noticed it got higher across the dump above the railroad than it had before. I don't know whether it was higher in the draws than before. I don't know anything about the place on the east side toward Rogers. I have never seen a rain in that country since as hard as the rain of July, 25, 1902."

Tomlin testified: "I think the rain of July 25, 1902, was an unusually heavy rain. I think it was the heaviest rain I had seen up to that time in that section. I think from what I have seen that the sluices in the railway have been sufficient to carry off the water in ordinary rains. I have been in that section of the country a little better than eight years. I have seen one other rain in Bell County as heavy as the rain of July 25, 1902; that I got caught in between Taylor's Valley and Belton, but that was at another time the same year."

The plaintiff and another witness testified that they had lived in that neighborhood since 1879, and that they had at different times seen other rains that were as heavy as the rain of July 25, 1902.

It was not shown when the embankment was originally made, but it was shown that the iron drain pipes were put through it in 1898 or 1899. Before that time there were trestles and bridges. The statute prescribes that "in no case shall any railroad company construct a roadbed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof," and a failure to do so will entitle the party injured as a result of such failure to recover, unless the injury is caused by such unprecedented or extraordinary floods as could not have reasonably been anticipated at the time of the construction of the road. And if at the time of such construction it is known, or could be ascertained by reasonable diligence, that unusual or extraordinary floods have occurred within the memory of persons then living in the vicinity, their recurrence should be anticipated and guarded against. (Gulf, C. & S. F. Ry. Co. v. Pomeroy, 67 Texas, 498.) The testimony relied on by the defendant in this case, which was given by

the witnesses Jones and Tomlin, as set out above, falls far short of showing that the flood in question was of such extraordinary character as could not have been guarded against. Neither of the two witnesses professed to know anything about the character of rainfalls which had occurred in that section further back than ten years before the time of the trial in the court below, which was in June, 1905. In all probability, the road was constructed before these witnesses lived in that section; and the testimony shows that the drain pipes were put in within three or four years after they moved into the neighborhood. The plaintiff proved by two witnesses who had lived in that section for about twenty years before the drain pipes were put in, that they had, at different times, seen equally as heavy rains as the one involved in this case, and the defendant submitted no testimony to the contrary. This being the condition of the testimony, the court should not have submitted to the jury the question of extraordinary rainfall.

We also hold that the court should not have submitted to the jury any question of negligence. If the defendant failed to comply with the statute referred to, and the plaintiff's land was injured as a result of such failure, the plaintiff was entitled to recover, regardless of the amount of care and diligence which may have been exercised by the defendant in the construction of its railroad and embankment. (Austin & N. W. Ry. v. Anderson, 79 Texas, 427; Gulf, C. & S. F. Ry. v. Pomeroy, 67 Texas, 498; Texas & Pac. Ry. v. Whittaker, 82 S. W. Rep., 1051.)

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*