HOUSTON & T. C. R. CO. v. WRIGHT.
(No. 7758.)

(Court of Civil Appeals of Texas. Dallas. May 19, 1917.)

1. DAMAGES ⬯112 — MEASURE—INJURIES TO GROWING CROPS.

One whose growing crops have been negligently injured or destroyed is entitled to recover the value thereof at the time and place of the injury, such value to be determined by the probable yield of the crops and their reasonable market value when matured, less the cost of cultivating, harvesting, and marketing.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 281–283.]

2. DAMAGES ⬯188(2)—SUFFICIENCY OF EVIDENCE—DAMAGE TO GROWING CROPS.

In an action for damages to growing crops, caused by overflowing them with surface water, where plaintiff was unable to state what would have been the market value of the crops based upon the probable yield when matured, and the only evidence as to the amount of damages was evidence as to the cost of plowing the land and planting the crops, the evidence was insufficient to support a verdict and judgment for plaintiff.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 511.]

3. DAMAGES ⬯110 — MEASURE—INJURIES TO LAND.

If the value of land is totally destroyed by the negligence or wrongful act of another, the owner is entitled to recover the actual cash value of the land at the time its value was destroyed, with legal interest.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 273–278.]

4. DAMAGES ⬯110—MEASURE—INJURIES TO LAND.

If the value of land is not totally destroyed, but is permanently injured, the measure of damages is the difference between its actual cash value immediately preceding the injury and such value immediately after the injury, with interest.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 273–278.]

5. DAMAGES ⬯109—MEASURE—INJURIES TO LAND.

If an injury to land is temporary, the measure of damages is the amount necessary to repair the injury, and place the land in the condition it was immediately preceding the injury, with interest.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 273–278.]

6. WATERS AND WATER COURSES ⬯126(3)—ACTIONS FOR FLOWAGE—INSTRUCTIONS.

In an action against a railroad company for diverting surface water upon plaintiff's land, where there is evidence tending to show that the injury is traceable to the acts of parties other than the railroad company, the trial court should submit such issue, unless it appears that the injury was due to the concurrent acts of different agencies not plainly separable.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 141, 142.]

7. WATERS AND WATER COURSES ⬯119(6)—DIVERSION OF SURFACE WATER—PLAINTIFF'S LIABILITY.

If the overflowing of plaintiff's land with surface water was due to the concurrent acts of different parties, not plainly separable, all who contributed to the injury are liable jointly or severally.

Appeal from Freestone County Court; George W. Fryer, Judge.

Action by F. D. Wright against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

R. S. Neblett, of Corsicana, and Williford & MacIntosh, of Fairfield, for appellant. W. J. Bryant, of Wortham, and R. M. Edwards, of Fairfield, for appellee.

RASBURY, J. This is an appeal from the judgment of the trial court entered upon verdict of the jury awarding appellee $400 damages, of which $300 was for damages to growing crops, alleged to have resulted from the

act·of appellant in negligently diverting surface water upon appellee's land, submerging same, and damaging his growing crops, and of which $50 was damage to the land, and $50 for permitting Johnson grass to· go to seed on appellant's right of way adjacent to appellee's land. Appellant has prepared and filed briefs as required by law and the rules, but appellee has not. Accordingly we shall, as directed by rule 4 of this court (142 S. W. x), regard appellant's brief as a proper presentation of the case and base our decision thereon.

[1] By authority of the first six assignments of error it is contended, in effect, that the verdict of the jury, as relates to the item of $300, is without support in the evidence. This contention requires an examination of the evidence and an application to the facts deducible therefrom of the rules of law governing recovery of damages in cases of injury to growing crops, or, as it is commonly designated, the measure of damages. As to the rule, while varying terms have been used in the adjudicated cases to express it, it may be said generally that it is settled law that one whose growing crops have been injured or destroyed is entitled to recover the value thereof at the time and place of the injury, such value to be determined by· the probable yield of the crops and their reasonable market value when matured, less the cost of cultivating, harvesting, and marketing. Sabine & E. T. Ry. Co. v. Joachimi, 58 Tex. 456; Tex. & St. Louis R. R. Co. v. Young, 60 Tex. 201; I. & G. N. R. R. Co. v. Pape, 73 Tex. 503, 11 S. W. 526; G., C. & S. F. Ry. Co. v. McGowan, 73 Tex. 355, 11 S. W. 336; G., H. & S. A. Ry. Co. v. Borsky, 2 Tex. Civ. App. 545, 21 S. W. 1012; City of Paris v. Tucker, 93 S. W. 233; Sunderman-Dolson Co. v. Rodgers, 47 Tex. Civ. App. 67, 104 S. W. 193; Texas Co. v. Lacour, 122 S. W. 424; Southwestern P. C. Co. v. Kezer, 174 S. W. 661.

[2] As to the facts, we have carefully examined the evidence in the light of the rule stated, and conclude that it is insufficient as claimed to support the verdict and judgment. Without attempting to recite the testimony of appellee concerning the injury to his growing crops, which is all the evidence on that issue, in the formal manner in which it was introduced at trial, the most liberal deduction of fact therefrom is that, due to the negligence of appellant in failing to construct adequate culverts, sluices, and drains for its railway in the vicinity of appellee's lands, it was submerged or overflown in May, 1913 and 1914, and his growing crops damaged. Appellee was unable to state what would have been the market value of the crops, based upon the probable yield when matured, but did testify that the cost of plowing the land and planting the crops was reasonably $4 per acre. Such are, in substance, the facts testified to by appellee, and constitutes all the testimony on the issue of value of the crops, and constitutes the basis

of the verdict and judgment. That the facts related do not satisfy those contemplated by the rule is obvious. The cost of plowing the land and planting the crops does not prove what would have been the reasonable market value thereof at the time and place of the injury based upon the probable yield of the crops when matured. The most that such proof establishes is one item of expense to be deducted from the value to be ascertained in the manner stated and, by the cited cases is short of the proof required.

[3-5] By the seventh and eighth assignments of error is presented the contention that the verdict of the jury awarding appellee $50 as damages to his land caused by overflows is without support in the evidence. In view of the fact that the case will be reversed because of the insufficiency of the evidence on the issue of damages to growing crops, we refrain for obvious reasons from any unnecessary discussion of the evidence; but on the issue of the damage to the land it can be said, using in substance the language of the ruling case on that issue in this state, that if the value of the land is totally destroyed by the negligence or wrongful act of another, the owner is entitled to recover as damages the actual cash value of the land at the time its value was destroyed, with legal interest. If the value of land is not totally destroyed, but is permanently injured, the measure of damages is the difference between its actual cash value immediately preceding the injury and such value immediately after the injury with interest. If the injury to land is temporary, the measure of damages is the amount necessary to repair the injury and place the land in the condition it was immediately preceding the injury, with interest. Trinity & Sabine Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575. By applying the rules so clearly stated in the case cited to the evidence as it may develop at another trial, the issue here raised will present no difficulties.

[6, 7] The ninth, tenth, and eleventh assignments of error complain of the refusal of the court to allow certain special charges requested by appellant, which directed the jury in effect that, if they believed that the overflow was due to the filling in of a drain ditch maintained by others adjacent to appellee's land, they would find for appellant, and in connection with which it is claimed the evidence was sufficient to have supported such a finding. In connection with the issue so presented it is sufficient to say that appellant's liability must rest upon a showing that its negligence proximately caused the injury; and if the evidence upon another trial is conflicting on that issue or tends to show that the injury was traceable to another source, the trial court should submit such issue, unless, of course, it appears that the injury was due to the concurrent acts of different agencies not plainly separable, in which event all who contribute to the injury

by negligence would be liable jointly or severally. Shearman & Redfield, Law Neg. (6th Ed.) vol. 1, § 31; Railway Co. v. Norris, 184 S. W. 261.

The remaining assignment, which asserts that the court's charge assumed damage to appellee's crops, is, in our opinion, hypercritical, since a reading of the charge as a whole makes it clear that that question was clearly left to the jury for their determination upon the evidence adduced on that particular issue.

For the reasons stated, the judgment is reversed, and the cause remanded for another trial not inconsistent with the views herein expressed.