### KNOX v. STEPHENS COUNTY.   (No. 124.)

(Court of Civil Appeals of Texas. Eastland. April 9, 1926. Rehearing Denied May 28, 1926.)

1. **Highways** ⊜120(4)—**Answer that work by county on road causing overflow of owner's lands was done under instruction of competent engineers, and that damages would not have resulted except for unprecedented rain, held not demurrable.**

In action by landowner whose land was overflowed against county which raised grade of ad-

jacent road, allegation in answer that work on road was done under instruction of competent engineers, and that damages would not have resulted except for unprecedented rain, *held* not demurrable.

2. **Evidence** ⊜474(18).

Exclusion of evidence to establish market value of land *held* proper, where witness was not shown to be qualified to testify as to market value.

3. **Highways** ⊜120(4)—**Where there was no allegation that alkali dirt was washed in over land, testimony as to whether witness could tell effect of alkali on farm land held properly excluded.**

In action against county for overflow of land, in which there was no allegation that alkali dirt was washed over land, testimony as to whether witness could tell effect of alkali on farm land *held* properly excluded.

4. **Appeal and error** ⊜692(1).

Bill of exception complaining of exclusion of evidence must show whether answer would have been given to excluded question.

5. **Appeal and error** ⊜882(8).

Complaint cannot be made to admission of appellee's testimony, where same testimony was shown by appellant's witness at her instance.

6. **Appeal and error** ⊜692(1).

Bill of exception complaining of exclusion of evidence, which does not show what testimony of witnesses would have been, cannot be considered.

7. **Appeal and error** ⊜499(3).

Bill of exception complaining of admission of testimony, which does not show that evidence was admitted over objection, cannot be considered.

8. **Damages** ⊜159(5).

Plaintiff seeking to recover only for permanent injury to land because of overflow *held* not entitled to damages, where jury found injuries to be temporary.

9. **Damages** ⊜110—**Nuisance** ⊜50(1).

Measure of damages in case of permanent nuisance or injury to land is depreciation in market value of property injured.

10. **Highways** ⊜120(4)—**County which constructs public road and parallel drainage ditch is not liable for injury to land of adjacent owner caused by unprecedented rain.**

County which constructs public road and parallel drainage ditch is not liable for injury to land of adjacent owner caused by unprecedented rain, which could not have been reasonably anticipated at time road and ditch were constructed.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by Mrs. J. H. Knox against Stephens County. Judgment for defendant, and plaintiff appeals. Affirmed.

L. H. Welch, of Breckenridge, for appellant.

O. H. Allred, of Breckenridge, for appellee.

LITTLER, J. This is an action by appellant against appellee for damages to the appellant's farm on account of appellee raising the grade of a public road running adjacent to the land owned by appellant and thereby causing water to overflow on said land to plaintiff's damage in the sum of $1,000.

Defendant answered, alleging that said grade had been made under the direction of competent engineers, and that proper drainage was provided for any natural waterflow, and in the usual and only manner that could be properly constructed; that the rain which caused said alleged damage was an unprecedented one, and could not have been foreseen by defendant by exercise of ordinary care and reasonable diligence, and that said damages were caused by an act of God and not by the acts and negligence of the defendant.

The case was submitted to the jury under the following special issues:

"First Special Issue: Was plaintiff's land damaged by water in the spring and fall of 1924? Answer yes or no. Answer: Yes.

"Second Special Issue: Was the damage caused by extraordinary and unprecedented rain or rains such as could not have been reasonably anticipated by the defendant at the time of the construction of the road and ditch in question? Answer yes or no. Answer: Yes."

Special Issues third, fourth, and fifth were only to be answered in case the jury answered special issue No. 2 in the negative, and, as special issue No. 2 was answered in the affirmative, the jury did not answer third, fourth, and fifth, and it is not necessary that the same be copied in this opinion.

"Defendant's Special Requested Issue No. 6: If you have answered special issue No. 1 of the court's main charge in the affirmative, then state whether or not the injury to plaintiff's land was temporary? Answer yes or no. Answer: Yes."

The court based its judgment upon the answers of the jury to the special issues, and returned judgment in favor of appellee and decreed that the appellant take nothing by her suit, to which judgment of the court appellant in due season gave notice of appeal.

[1] The appellant presents 27 assignments of error, the first 8 complaining of the action of the court in not sustaining appellant's exceptions to that part of the defendant's answer wherein it is alleged that the work on said road was done under the instruction of competent engineers; that proper drainage was made for any ordinary water fall; and that the rain which caused said alleged damage was an unprecedented one and the same could not have been foreseen by any diligence used by defendant. We do not believe that any of the said assignments are well taken, and the same are overruled.

[2] Assignment No. 9 complains of the action of the court in not permitting the wit-ness, O. L. Griffith to testify that he had at one time attempted to negotiate a sale of this land, said evidence doubtless being offered for the purpose of establishing a market value. Said assignment is overruled, for the reason that witness does not show to have been qualified to testify as to the market value.

[3] Assignment No. 10 complains of the action of the court in not permitting the witness, C. S. McCleeny, to testify as to whether or not he could say what would be the effect upon the farm land by having alkali washed in over it. Said assignment is overruled, for the reason that there is no allegation in plaintiff's petition that alkali dirt was washed in over said farm.

[4] Bill of Exception No. 11 is overruled because the questions sought to be asked of witness McCleeny do not present a proper measure of damages. The witness was called by plaintiff, and the bill does not show whether answer would have been given to excluded question. Bills of Exception No. 12 and 14 are too general, and cannot be considered by this court; these bills are in same condition as No. 13.

[5] Appellant's bill of exception No. 13 complains of the admission of testimony offered by appellee as to the damage done by rains at the same time to lands of other persons situated some four or five miles from the premises of plaintiff, and to sustain this bill appellant cites many authorities holding such testimony immaterial. This bill was approved with the qualification that the same testimony was shown by witnesses for the plaintiff at her instance. This qualification destroys the bill.

[6, 7] The remaining bills to exclusion and admission of evidence are also defective. The bills to the exclusion of testimony offered by appellant do not show what the testimony of the witnesses would have been, and those to testimony admitted do not show the evidence admitted over objection. These bills are manifestly not in compliance with the rules and cannot be considered. The remaining assignments of error refer to the value of the land and temporary damages; these questions having been decided by the jury adversely to plaintiff, all of said assignments are hereby overruled.

[8] Appellant's petition seeks to recover damage on account of the permanent injury sustained by virtue of said rain, and does not seek to recover any temporary damage. The jury in answer to special requested issue No. 6, by defendant, finds that the injury to plaintiff's land could be easily repaired.

[9] The jury having found that the damage was only temporary and could easily be repaired, it naturally follows that plaintiff is not entitled to damage under the allegations of her petition. The rule is well settled in this state that the measure of damages in case of a permanent nuisance or injury to

land is the depreciation in the market value of the property injured. Pipe Line Co. v. Hurst (Tex. Civ. App.) 230 S. W. 1027; Trinity & Sabine Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; H. & T. C. Ry. Co. v. Wright (Tex. Civ. App.) 195 S. W. 605; Ehlert et ux. v. Galveston, H. & S. A. Ry. Co. (Tex. Civ. App.) 274 S. W. 172.

[10] The jury having found that the damage was caused by an unprecedented rain, and we believe that the evidence was amply sufficient to sustain the finding of the jury, hence, we conclude that, where a county has constructed a public road and a parallel drainage ditch along the same, the county is not liable for damages to the land of an adjacent landowner caused by extraordinary and unprecedented rain such as could not have been reasonably anticipated by the county at the time of the construction of the road and the ditch in question.

It could hardly be said that the rule would require more diligence of a county in constructing its public roads than is required of a common carrier in protecting the goods placed in its care, and our courts have universally held that an act of God will excuse even an insurer of goods. G. C. & S. F. Ry. v. Texas Star Flour Mills (Tex. Civ. App.) 143 S. W. 1179; I. & G. N. Ry. Co. v. Bergman (Tex. Civ. App.) 64 S. W. 999; G. C. & S. F. Ry. Co. v. Compton (Tex. Civ. App.) 38 S. W. 220; Fentiman v. A., T. & S. F. Ry. Co., 44 Tex. Civ. App. 455, 98 S. W. 939; Wells Fargo & Co. v. Porter (Tex. Civ. App.) 202 S. W. 987; Hunt Bros. v. Railway Co. (Tex. Civ. App.) 74 S. W. 69.

The records disclosing no reversible error, the judgment of the lower court is affirmed.