## TEXAS–LOUISIANA OIL CO. v. BURTON.
### No. 2595.

Court of Civil Appeals of Texas. Beaumont.
Nov. 8, 1934.

D. C. Bland, of Orange, and Edgar Monteith, of Houston, for appellant.

F. S. Jones and A. M. Linscome, both of Beaumont, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the district court of Orange county to recover actual and exemplary damages which he alleged he had suffered because of trespass by appellant upon five acres of land which appellee alleged he owned. The damage to the land was alleged to have resulted from the unlawful explosion of dynamite upon said land by appellant, resulting in the complete destruction of all value of the land; $500 actual and $500 exemplary damages were prayed for.

Appellant answered by general demurrer, special exceptions, and general denial.

Paragraph IV of appellee's petition alleged: "That after said agents, servants and employees of defendant, acting as aforesaid, caused said explosives to be placed on plaintiff's lands, they caused same to explode, that as a result of said explosion five acres of plaintiff's land was completely destroyed, and by reason thereof, he has been caused to suffer damage in the sum of Five Hundred and no/100 ($500.00) Dollars."

Appellant specially excepted to this paragraph of the petition as being "vague, indefinite and too general to apprise appellant of the nature and elements of damages alleged to have occurred to the five acres of plaintiff's land." This exception was sustained, and appellee was permitted to file a trial amendment in lieu of said paragraph, which reads:

"Comes now the plaintiff in the above entitled and numbered cause, and after the court had sustained defendant's special exception to Paragraph IV of plaintiff's original petition, with leave of the court first having been had and obtained, files this his trial amendment in lieu of paragraph IV of plaintiff's original petition; which amendment is as follows:

"That on the day and date aforesaid, the defendant's agents, servants and employees, acting for and on behalf of it, and within the apparent scope of their authority, did then and there place and caused to be placed the explosives, as aforesaid, upon the land of the plaintiff, as hereinbefore described, and the said agents, servants and employees of defendant, did then and there cause said explosives to be exploded thereon, thereby resulting in the injury to and destruction of plaintiff's five acres of land, hereinabove described, destroying all timber upon said five acres, causing a hole to be blown in the center, or middle of said five acre tract of the following dimensions; 100 feet long by 72 feet wide and 14 feet deep, thereby rendering said land unfit for agricultural or grazing purposes, and that said hole has been and is now filled with water and is dangerous to both man and beast.

"That said land before its destruction was of a reasonable value to plaintiff in the sum of $500.00, but since its destruction, it is of no value to plaintiff whatsoever, and by reason thereof plaintiff has been damaged in the

sum of $500.00; which damage, and the proximate cause thereof was due to the acts and trespasses of defendant's agents, servants and employees as herein and in plaintiff's original petition alleged, to which reference is made and of which this is a part thereof."

The case was tried to a jury upon special issues upon their answers to which judgment was rendered in favor of appellee for $150 actual and $500 exemplary damages. This appeal is from that judgment.

■ The judgment will have to be reversed. It is clear from appellee's petition that he sought damage only for the complete destruction of the value of his five acres of land, which was alleged to be $500. There was no allegation of either permanent injury to the land or of temporary injury to same. No issue as to the complete destruction of the value of the land was submitted. No other issues as to damage to the land, under the pleading, could be submitted, for no such issue was made by the pleading. There being no pleading upon which to base recovery other than the complete loss of the value of the property, recovery could not be had on permanent or temporary loss; in other words, recovery for either permanent or temporary injury to the land cannot be had upon an allegation of total destruction of its value. Houston & T. C. Railway Co. v. Wright (Tex. Civ. App.) 195 S. W. 605; Continental Oil Co. v. Berry (Tex. Civ. App.) 52 S.W.(2d) 953 (writ refused); St. Louis, B. & M. Railway Co. v. West, 62 Tex. Civ. App. 553, 131 S. W. 839; Trinity & S. Railway Co. v. Schofield, 72 Tex. 496, 10 S. W. 575; Gulf, C. & S. F. Railway Co. v. Frederickson (Tex. Sup.) 19 S. W. 124. The decisions cited state the rule for the measure of damages in case of total destruction of the value of the land and permanent injury and temporary injury.

■■ The judgment must be reversed, for the further reason that the court, in instructing the jury relative to the issue of exemplary damages, failed to define the term "gross negligence" used in the charge, which omission was duly excepted to by appellant. The term "gross negligence," as here used, is a legal term with a fixed and definite meaning, and under article 2189, R. S. 1925, should have been defined. It is the only character of negligence that will furnish a basis for the recovery of exemplary damages, and should be defined in order to enable the jury to pass upon whether gross negligence is shown in answering the issue as to the right to recover exemplary damages. Missouri Pac. Railway Co. v. Shuford, 72 Tex. 165, 10 S. W. 408; Tracey v. Wichita Ice Co. (Tex. Civ. App.) 30 S.W.(2d) 673, 675.

The judgment is reversed, and the cause remanded.