**CITY OF PAMPA v. LONG.**

**No. 4807.**

Court of Civil Appeals of Texas. Amarillo.

Oct. 25, 1937.

Rehearing Denied Dec. 13, 1937.

Jno. F. Sturgeon, of Pampa, for appellant.

Newton P. Willis, Ennis C. Favors, and H. L. Wallace, all of Pampa, and Wm. C. McDonald, of Robert Lee, for appellee.

FOLLEY, Justice.

This is a suit instituted by the plaintiff below, Mark Long, against the defendant below, the City of Pampa, a municipal corporation. The plaintiff alleged he was the owner of lots 2 and 3 in block 6, Crawford addition to the city of Pampa, in Gray County, Tex. This property was located in the northwest corner of said block, and was bounded on the east by Wynne street, on the south by Browning street, on the west by Carr street, and an alley ran through said block from east to west. That in 1930 the defendant city improved Browning street with paving, curbs, and gutters; that said improvements were negligently constructed, in that the south laterals and ditches of said street extending east and west were higher than the north side of said street, all of which caused an increased volume of water to flow from an easterly direction down Browning street to Carr and Wynne streets; that on September 6, 1935, there were certain pipes, curbs, and driveways in, along, and across the laterals and ditches of Carr and Wynne streets which were too small to carry the water flowing down the same. That the city was negligent in that it allowed dirt and rubbish to accumulate in said pipe, curbs, and laterals, thereby causing an increased amount of water to flow onto block 6, and onto and across plaintiff's lots, damaging said property in the sum of $500.

The defendant answered by general demurrer, special exceptions, and a general denial. It further alleged that said streets and the laterals and ditches thereof were properly constructed for normal rains, but that on the date in question, September 6, 1935, there was an abnormal and

unusual rainfall over which defendant had no control. That if plaintiff's property sustained any injury as a result of the overflow of water, the same did not flow out of any of the streets or laterals of the city, but ·such water flowed on plaintiff's property from other private property in said block over which the defendant had no control. That the contour of the surface of the land in the vicinity of plaintiff's property, and the natural flow of the water, was in a northerly direction. That plaintiff's property was approximately eighteen feet lower in elevation than Browning street on the south, and that the north line of plaintiff's property was eight feet lower than the south line of his property.

The case was submitted to the jury on special issues on the theory of temporary injury only. The jury found that the defendant had negligently allowed dirt and rubbish to accumulate in the ditches and laterals of Carr and Wynne streets, which was the proximate cause of the injuries claimed by the plaintiff; that there was an increased overflow of water on plaintiff's property at the time of the rain in question; and that plaintiff's property had been injured in the sum of $125 as the reasonable and necessary cost of restoring the two lots to the same condition as existed before the rain.

 The first two propositions of the defendant complain of the court's refusal to sustain its exceptions to the plaintiff's pleadings with reference to the nature of damages alleged in plaintiff's petition. In the first portion of plaintiff's pleading, he alleged "it would take $500.00 to repair said damage and injury or to level the said surface and place more dirt thereon and he was damaged to the amount of $500.00." In his second count declared upon temporary injury to the property, he alleged "that said damage did occur as alleged in said first part and that he is entitled to recover the amount necessary to repair the injury and put the land back in the condition that it was at the time immediately preceding the injury, which amount is $500.00." We think the measure of damages to real property is well settled. In the case of Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S.W. 575, 576, the Supreme Court announced the following rule: "With respect to damages to real property we believe the correct rules to be: If land is taken, or the value thereof totally destroyed, by the negligence or wrongful act of another, the owner would be entitled to recover the actual cash value of the land at the time of the taking or destruction of its value, with legal interest thereon to the time of the trial. If land is permanently injured by the negligence or wrongful act of another, but the value is not totally destroyed, the owner would be entitled to recover the difference between the actual cash value at the time immediately preceding the injury and the actual cash value immediately after the injury, with legal interest thereon to the time of the trial. If land is temporarily but not permanently injured by the negligence or wrongful act of another, the owner would be entitled to recover the amount necessary to repair the injury, and put the land in the condition it was at the time immediately preceding the injury, with interest thereon to the time of the trial." Since the recovery herein was for temporary injury, we think the plaintiff, in the second count of his petition, has pleaded the essentials of his cause of action. We overrule this assignment. Houston & T. C. Ry. Co. v. Wright (Tex.Civ.App.) 195 S.W. 605; Sikes v. Rulfs (Tex.Civ.App.) 67 S.W.2d 405; Tokio Marine & Fire Ins. Co. v. Aldridge et al. (Tex.Civ.App.) 21 S.W. 2d 547; 13 Tex.Jur. 163, 164, pars. 74 and 75.

 Defendant's third and fourth propositions complain of the court's failure to give defendant special requested issue No. 1, which was as follows: "Do you find from a preponderance of the evidence that the injury, if any, to plaintiff's property was caused by an abnormal rain?" We have been unable to find any testimony in the record to warrant the giving of such an issue and the defendant has not pointed out any such evidence. No witness testified that the rain in question was unprecedented. On the other hand, three of the witnesses, Mark Long, Mrs. Mark Long, and Mrs. Irma Gunsaullus, testified that such rains had occurred before the one in question. We therefore hold that the testimony was insufficient to raise the issue. Kansas City, M. & O. Ry. Co. et al. v. Blackstone & Slaughter (Tex.Civ. App.) 217 S.W. 208; Texas Public Service Co. v. Armstrong et al. (Tex.Civ.App.) 37 S.W.2d 294; City of Dallas v. Cooper (Tex.Civ.App.) 34 S.W. 321; Baugh v. Gulf, C. & S. F. Ry. Co., 44 Tex.Civ.App. 443, 100 S.W. 958.

Propositions 5 to 13, inclusive, being germane to the same subject-matter, we shall discuss them as a whole. These propositions complain of the court's failure to submit to the jury issues seeking to determine whether the injury to plaintiff's land was caused in whole or in part by overflow waters which ran across plaintiff's land from private property in block 6, over which the defendant had no control, and further because the court refused to submit an issue as to whether plaintiff's alleged injury was caused solely by overflow waters from defendant's streets. Defendant also complains of the court's refusal to submit an issue inquiring if the plaintiff's land would have been injured by the rain in question irrespective of the alleged wrongs and negligence of the defendant. The defendant prepared and tendered to the court special issues presenting such defenses, all of which were refused by the court.

The testimony was uncontroverted that there was a natural fall in elevation of block 6 from the south side to the north side. There was also a natural sag through the middle of block 6 as it runs to the north. The testimony shows that every time it rained the water ran down across the plaintiff's property from said block. Plaintiff's property on the north side of the block was shown to be fifteen feet lower in elevation than Browning street at the south side of the block. There were about 2.08 acres of land lying south and above plaintiff's property in said block.

There was no finding that defendant's negligent acts was the sole cause of the injury, and we do not think the testimony as a whole shows that the injury claimed was caused solely by the negligent acts of the defendant city. There is no separation by the jury's findings or by the evidence of the damages occasioned by natural erosion of the water shed from that charged to the defendant. Even though the court, in his main charge, asked the jury if the negligent acts of the defendant were the proximate cause of an increased overflow of water upon plaintiff's land, such an issue does not negative the idea that such increased overflow of water concurred with the natural flow of water to cause the alleged injury. In special issue No. 16, the court asked the jury if there was an increased overflow of water at the time of the rain in question. In special issue No. 17, the jury was asked if such increased overflow of water injured plaintiff's premises. The jury answered each of these issues in the affirmative. Then followed special issue No. 18, which asked: What was the reasonable and necessary costs of restoring plaintiff's property to its condition immediately before the rain? The jury answered: "$125.00." The jury was not instructed in regard to issue No. 18 that they might consider only such damages as were occasioned by the negligent acts of the defendant, if any. In other words, the jury was not limited in such issue to the damages occasioned by the increased overflow of water as inquired about in the preceding issues. They were, therefore, at liberty to consider costs of repairing plaintiff's property on account of any injury that may have been received independently of the negligent acts of the city. The term "increased overflow of water" necessarily carries with it the idea that there was water other than the "increased water." The question then arises as to what damage occurred from the water other than the increased flow caused by the negligent acts of the city. There is no answer to this question either in the evidence or the verdict of the jury. Certainly, one portion of the water could not be charged with all the damages, but the answer to special issue No. 18 says in effect that $125 is the amount necessary to repair all the damages to the property regardless of the origin of such damages. Since the court had not, in his main charge, limited such recovery to alleged negligent acts of the city or separated the elements of damages by reason thereof from the natural erosion of nature, we think the defendant was entitled to a submission of such issue or issues necessary to make such distinction. We do not hold that the defendant was entitled to all the issues it requested in regard to this matter, as most of them were repetitions of the same defensive matter; but we do hold that the court erred in refusing to present such defense in some adequate form to the jury in order that it might be certain that the jury was considering such damages as were occasioned by the defendant alone and none other. Chicago, R. I. & G. Ry. Co. v. Martin (Tex.Civ.App.) 37 S.W.2d 207; Wichita County Water Improvement Dist. No. 1 v. Pearce (Tex.Civ.App.) 59 S.W.2d 183; Ft. Worth & D. C. Ry. Co. v. Speer (Tex.Civ.App.) 212 S.W. 762;

1004

Galveston, H. & S. A. Ry. Co. v. Vogt (Tex.Civ.App.) 181 S.W. 841; Houston & T. C. Ry. Co. v. Wright (Tex.Civ.App.) 195 S.W. 605; Taylor v. San Antonio & A. P. R. Co., 36 Tex.Civ.App. 658, 83 S. W. 738; Warren et al. v. Kimmell (Tex. Civ.App.) 141 S.W. 159; San Antonio & A. P. Ry. Co. v. Kiersey et al., 98 Tex. 590, 86 S.W. 744.

The other matters complained about by the defendant will probably not arise in the same manner, if at all, upon another trial of this case, and we therefore deem it unnecessary to discuss such propositions.

The judgment of the trial court is reversed and the cause remanded.