Jack A. HALL and Andrew Johnson,
Jr., Appellants,

v.

Albert L. ROBBINS and Nelwyn
Robbins, Appellees.

No. C14–89–660–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 31, 1990.

Paul R. Stansell, Galveston, for appellants.

Adolph Uzick, Houston, for appellees.

Before PAUL PRESSLER, CANNON
and ELLIS, JJ.

OPINION

CANNON, Justice.

This appeal arises from a suit to enjoin
the appellees from interfering with the appellants' access to eighty-eight acres of
land purchased by the appellants in 1981
for development into single family home
lots. The appellants also sought money
damages to compensate for the time they
were prevented from developing the property. The trial court granted a permanent
injunction, but declined to award damages.
The appellants bring one point of error,
contending that the trial court erred by
denying the appellants' prayer for money
judgment. We find no error by the trial
court and affirm the judgment.

Ingress and egress for the eighty-eight
acres was by Wilson Avenue, which also
passed the appellees' homestead. Early in
1982 the appellees began blocking off this
road, preventing access to the appellants'
land. On December 2, 1987 the appellants
requested a restraining order when they
filed their original petition. The next day
the temporary restraining order was granted. Following a hearing on March 1, 1988,
a temporary injunction was granted. The
appellees then abandoned their claim that
they had the right to block off the road,

and an agreed permanent injunction was entered on June 20, 1988.

The appellants claim they are entitled to money damages for the period of time they were denied access. However, the only evidence of damages presented related to accrued real estate taxes, accrued interest on the purchase money mortgage, and loans to pay the taxes during the time the appellants were excluded from the property. The trial judge found that taxes and interest paid were not the proper measure of damages for temporary obstruction of the access road. He further found that there was no evidence presented of loss of use of the vacant land, which he determined to be the correct measure of damages, and awarded no money damages. In addition, the trial judge noted that the appellants' suit was not filed until December 2, 1987 and the temporary restraining order was granted the very next day. Therefore, the relief was almost immediate upon the filing of suit.

■ The trial court correctly classified the injury to the appellants' property to be of a temporary nature, as temporary injuries to real property are those which are sporadic and contingent upon some irregular force which may be enjoined. *Moore v. Rotello*, 719 S.W.2d 372, 378 (Tex.App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.). Thus, the damages to be assessed by the trial court were those determined by precedent to be adequate and proper for the temporary injury. The proper measure of recovery for a temporary injury to realty has been calculated in various ways, depending on the specific circumstances. For example, damages can be measured as the value of the products of the land and the injury done to it, or the reasonable cost of restoring the land to its condition immediately preceding the injury plus the value of its use for the period of injury with interest or the reduced rental value. 28 Tex.Jur.3d § 67. Damages arising from temporary injury to land may also be measured by the cost of repairs or restoration if the injury can be remedied with reasonable expense and the cost of restoration is reasonably certain, or if the cost of restoration is less than the diminution in the value of the property. 25 C.J.S. Damages § 84.

■ Consequently, case law provides various proper measures of damages for temporary injury to the possessory interest in property. For example, it has been held that the owner of land temporarily injured by the wrongful act of another is entitled to recover the amount necessary to repair the injury and put the land in the condition it was in prior to the injury, with interest. *Trinity S.R. Co. v. Schofield*, 72 Tex. 496, 10 S.W. 575 (1889). However, this measure does not fit the circumstances of this case, as there was no physical injury to the condition of the vacant land which could be repaired. Another proper measure of damages for temporary injuries to real property is the amount necessary to place the owner of the property in the same position he occupied prior to the injury. *Kraft v. Langford*, 565 S.W.2d 223, 227 (Tex.1978); *Gannett Outdoor Co. of Texas v. Kubeczka*, 710 S.W.2d 79, 91 (Tex.App.—Houston [14th Dist.] 1986, no writ). This measure would be difficult to apply, because the appellants were merely owners of vacant land prior to the injury. The Texas Supreme Court cited a case with approval which more closely fits these circumstances. In that case the owner was unable to cultivate the property during the period of injury and was entitled to the reasonable rental value for that time. *Lone Star Gas Co. v. Hutton* 58 S.W.2d 19 (Tex.1933) (citing *Fort Worth and D.C. Ry. Co. v. Speer*, 212 S.W. 762 (Tex.Civ.App.—Fort Worth 1919, no writ)).

■ There is no doubt that there was a special injury suffered by the appellants when the obstruction interfered with the right of access to their property. However, the trial judge viewed the applicable measures of the damage suffered by the appellant, and correctly determined that the evidence presented did not constitute any grounds upon which relief of money damages could be awarded. He determined that the value of the loss of the use of the property was the proper measure of damages in these circumstances, not taxes and interest paid. The trial court did not

abuse its discretion by determining that there was no authority for the measure of damages sought by the appellant. The lease value of the vacant land is an appropriate measure of damages for temporary loss of use in these circumstances. *City of Austin v. Teague,* 570 S.W.2d 389, 394 (Tex.1978). Unfortunately, the appellant failed to place before the court any evidence of loss of use, such as rental value of the land.

■ We also note that the appellants, in seeking equitable relief, were obligated to minimize their damages. *Chapman v. Southern Hospitalities, Inc.,* 624 S.W.2d 320, 323 (Tex.Civ.App.—Tyler 1981, no writ); *Tackett v. Mid–Continent Refrigerator Co.,* 579 S.W.2d 545, 548 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e). The appellants waited from early in 1982 until December of 1987 to enjoin the appellees from blocking Wilson Avenue. The delay and inaction by the appellants resulted in the escalation of the very financing expenses of which the appellants complain.

There was no evidence presented as to the value of the loss of use of the property. The trial judge did not err in not awarding damages. The judgment is affirmed.