COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

ENNIS COLE,
)
 No. 08-02-00466-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 118th District Court

)


GARY R. BAILY,
)
 of Martin County, Texas

)


 Appellee.
)
 (TC# 5459)


MEMORANDUM OPINION



 Ennis Cole appeals from a judgment for money damages and attorneys' fees entered in favor
of Gary Baily. Finding no error, we affirm.

FACTUAL SUMMARY


 In November 1999, Baily acquired unimproved rural property in Martin County from Don
Eggleston. At the time of the purchase, Baily also acquired easement rights over Cole's property for
access from the public roadway to his land. The easement had been of record for approximately two
years before Cole acquired his property.

 Baily purchased the land for recreational and ranching purposes. He began making
improvements shortly thereafter which included digging a pond, planting trees, installing a sprinkler
system, and adding a concrete pad for a picnic area. Two weeks after the purchase, Baily contacted
Cole to inquire about improving the roads. At that time, Cole told Baily to stay off his land because
he had no permission to be there. In late January or early February 2000, contractors hired by Baily
to improve the road encountered problems while trying to leave the property. During the same
period, the lock on the gate was changed preventing ingress or egress without breaking the lock or
chain, and Cole threatened Baily on numerous occasions.

 Baily filed suit seeking a temporary restraining order, injunction, and damages. The trial
court restrained Cole from interfering, blocking, or denying Baily's use and possession of ingress
and egress to the easement. Nevertheless, Cole's interference with Baily's easement lasted from the
date of purchase in November 1999 until trial in June 2002.

 Following a bench trial, Baily was awarded judgment in the amount of $5,000 for loss of use
of his land, $3,750 for attorneys' fees through trial, and conditional appellate fees of $9,000. The
trial court duly filed findings of fact and conclusions of law.

LEGAL SUFFICIENCY


 In his sole point of error, Cole challenges the legal sufficiency of the evidence to support the
money damages and the fee award. We begin with the standard of review.

Standard of Review


 A "no evidence" or legal insufficiency point is a question of law which challenges the legal
sufficiency of the evidence to support a particular fact finding. Lozano v. H.D. Industries, Inc., 953
S.W.2d 304, 319 (Tex.App.--El Paso 1997, no pet.). In conducting our review, we consider only the
evidence and inferences in a light most favorable to such findings and disregarding all evidence and
inferences to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); Dayton Hudson Corp.
v. Altus, 715 S.W.2d 670 (Tex.App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.). If any probative
evidence supports the fact finding, it must be upheld. In re King's Estate, 150 Tex. 662, 244 S.W.2d
660, 661-62 (Tex. 1951). Where, as here, the party without the burden of proof suffers an
unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." See
Lozano, 953 S.W.2d at 319. In a bench trial, a legal sufficiency challenge to the trial court's findings
of fact is reviewable under the same standard that we apply in reviewing evidence supporting a jury's
answer. Catalina v. Blasdell, 881 S.W.2d 295, 297 (Tex. 1994); Schwartz v. Pinnacle
Communications, 944 S.W.2d 427, 432 (Tex.App.--Houston [14th Dist.] 1997, no writ). However,
the findings are not conclusive when a complete reporter's record appears in the record. See Tucker
v. Tucker, 908 S.W.2d 530, 532 (Tex.App.--San Antonio 1995, writ denied).

 We are presented here with only a partial reporter's record. At trial, the court took judicial
notice of the testimony of two witnesses who had testified at a prior hearing, but the parties did not
request a transcript of the prior proceeding, and the record does not include documentation of the
witnesses' testimony. Texas Rule of Appellate Procedure 34.6 provides:

 The appellate court must presume that the partial reporter's record designated by the
parties constitutes the entire record for purposes of reviewing the stated points or
issues. This presumption applies even if the statement includes a point or issue
complaining of the legal or factual insufficiency of the evidence to support a specific
factual finding identified in that point or issue. 


Tex.R.App.P. 34.6(c)(4). Cole did not include the requisite statement of the points or issues to be
presented on appeal in his record request. See Tex.R.App.P. 34.6(c)(4). On this basis alone, we
must presume that the omitted portions support the trial court's findings and affirm the trial court's
judgment. See Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002). Nevertheless, in the interest
of fairness, we will examine the record such as it is.

 In his brief, Cole does not specifically challenge any of the trial court's findings of fact but
instead challenges generally those relating to damages and attorneys' fees: 

  Baily has sustained damages for loss of use of the Baily Property in the sum of
$5,000.00 which represents the reasonable rental value for the property during the
periods of loss of use of the Baily Property.


. . .



  The Court finds that the reasonable and necessary attorney's fees incurred by Baily
are the sum of $3,750.00 for services rendered through the trial of this cause;
$3,500.00 in the event of an appeal to the Court of Appeals; $3,000.00 in the
responding to an Application for Writ of Error to the Supreme Court of Texas; and,
the sum of $2,500.00 if the appeal to the Supreme Court of Texas is unsuccessful. 


Money Damages


 The injuries to Baily's property were temporary in nature. Temporary injuries to real
property are those which are sporadic and contingent upon some irregular force which may be
enjoined. Hall v. Robbins, 790 S.W.2d 417, 418 (Tex.App.--Houston [1st Dist.] 1990, no writ),
citing Moore v. Rotello, 719 S.W.2d 372, 378 (Tex.App.--Houston [14th Dist.] 1986, writ ref'd
n.r.e.). The proper measure of recovery has been calculated in various ways, depending on the
specific circumstances. Hall, 790 S.W.2d at 418. For example, damages can be quantified as the
value of the products of the land and the injury done to it, or the reasonable cost of restoring the land
to its condition immediately preceding the injury, plus the value of its use for the period of injury
with interest or the reduced rental value. Hall, 790 S.W.2d at 418. Damages may also be measured
by the cost of repairs or restoration if the injury can be remedied with reasonable expense and the
cost of restoration is reasonably certain, or if the cost of restoration is less than the diminution in the
value of the property. Hall, 790 S.W.2d at 418. The lease or rental value of vacant land is also an
appropriate measure of damages for the temporary loss of use due to interference with access to the
land. Hall, 790 S.W.2d at 418, citing City of Austin v. Teague, 570 S.W.2d 389, 394 (Tex. 1978).

 Cole complains that Baily failed to present competent evidence as to the loss of use and
enjoyment of his property and as to its rental value. The record reveals the following incidents:

  Cole refused to allow Midkiff Transports to travel from the property by blocking the gate
for one and a half hours;


  Cole blocked Baily from entering onto right of way for five minutes and yelled at him;


  Cole blocked the right of way forcing Baily to go around him;


  Cole blocked Baily's landscaper from leaving Baily's property;


  Cole blocked Baily and his parents for five minutes while they were trying to leave the
property;


  Cole blocked the gate and threatened Baily;


  Cole held Baily's landscaper and the landscaper's wife at gunpoint for over an hour while
they were on the right of way; and


  Cole chased Baily while Baily was entering the property.


Baily testified that he and his family had been unable to enjoy the property due to Cole's threats and
that his family had not been on the property for the last year. He only went out to the property on
rare occasions in order to maintain the land and did not allow his wife and daughter to go onto the
property alone. A real estate investor with over twenty years' experience, Baily has been involved
in the purchase, sale, or lease of at least a hundred parcels of land. He leases three-fourths of his
properties and does so for a reasonable rate of return of 10 to 15 percent. Baily opined that the lease
or rental value of the property was between $17,000 and $20,000 per year.

 The trier of fact has the discretion to award damages within the range of the evidence
presented at trial. See Clary Corp. v. Smith, 949 S.W.2d 452, 467 (Tex.App.--Fort Worth 1997, pet.
denied). The trial court found damages of $5,000 which, according to the testimony, does not exceed
the rental value. We conclude the evidence is legally sufficient.

Attorneys' Fees


 Cole's only complaint with regard to the fee award is that it is improper since the trial court
erred in granting monetary damages. He has provided no additional authority for his claim. See
Tex.R.App.P. 38.1(h). Because we have found no fault with the damage award, we need not address
the propriety of the fee award. Consequently, we overrule the sole point and affirm the judgment
of the trial court.


February 19, 2004 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.